# EXHIBIT 1-

Plaintiff's First Set of Interrogatories and Document Requests to Morgan State University.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ROSE URE MEZU | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. WMN-09-2855 |
| | : |
| MORGAN STATE UNIVERSITY, | : |
| and | : |
| ARMADA  W. GRANT, | : |
| in her personal capacity and | : |
| as Director, Human Resources/Payroll for | : |
| Morgan State University, | : |
| and | : |
| DOLAN HUBBARD, | : |
| in his personal capacity and | : |
| as Chair,  Department of English | : |
| and Language Arts, | : |
| Morgan State University, | : |
| Defendants. | : |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**PLAINTIFF'S FIRST SET OF INTERROGATORIES**

**TO DEFENDANT, MORGAN STATE UNIVERSITY**

Plaintiff, by and through her attorneys, pursuant to Fed. R. Civ. P. 33, and L.R. 104 serves the following set of interrogatories to which the Defendant shall respond to separately and fully, in writing and under oath, within thirty (30) days after the date of service in accordance with the Instructions and Definitions set forth below.

1

**INSTRUCTIONS**

1.    The space for your answer following each Interrogatory is not intended to limit your response or to suggest in any way the length of the answer that is required.  If additional space to answer fully is needed, please attach a separate sheet to the page upon which the Interrogatory appears and indicate on such sheet the number of the Interrogatory to which the answer relates.

2.    If you refuse to answer any Interrogatory in whole or in part, state clearly the basis for such refusal.  If a privilege is claimed, identify any document or communication for which a privilege is claimed and set forth the nature of the privilege asserted.

3.    You are under a continuing duty to supplement seasonably your responses with respect to any question directly addressed to the identity and location of persons having knowledge of discoverable matters, the identity and location of documents relating to the subject matter of the instant litigation, the identity of each person expected to be called as a witness at trial, the identity of each person to be called as an expert witness at trial, and the subject matter on which the expert is expected to testify.  You are also under a duty to correct any responses, either incorrect or incomplete at the time it was made, as soon as the fact that the response was incorrect or incomplete is learned.

4.    If any Interrogatory is answered by reference to business records, specify such records by description adequate to allow the discovering party to identify such documents with reasonable ease and, if known, specify which of any category of documents so described contain responsive information.

2

5. Whenever an interrogatory may be answered by referring to a document, the document may be attached as an exhibit to the response and referred to in the response. If the document has more than one page, refer to the page and section where the answer to the interrogatory can be found.

6. If you do not have enough personal knowledge to fully answer an interrogatory, say so, but make a reasonable and good faith effort to get the information by asking other persons or organizations, unless the information is equally available to the asking party.

7. Your answers to these interrogatories must be dated, and signed.

**DEFINITIONS**

A. As used herein, "Defendant" means the named defendant and all other persons acting or purporting to act with or on behalf of the Defendant, including agents, assigns, successors, and predecessors in interest.

B. As used herein, "Plaintiff" means the named plaintiff, and all other persons acting on or purporting to act with or on behalf of Plaintiff, including agents, assigns, successors, and predecessors in interest.

C. As used herein, the term "Person" denotes natural persons, corporations, political corporations or subdivisions, governments, governmental agencies, partnerships, limited liability companies, groups, firms, associations or other organizations or entities of any description.

D. As used herein, the term "Communication" means any oral or written exchange of words, thoughts, or ideas to another person or persons, whether person to person, in a group, by telephone, by letter, by telex or by any other process, electronic or

3

otherwise.  All such communications in writing shall include without limitation, printed, typed, handwritten or other readable documents, correspondence, memoranda, reports, contracts, both initial and subsequent diaries, log books, minutes, notes, studies, surveys, and forecasts.

E.    As used herein, the term "Relating to" means constituting, defining, containing, embodying, reflecting, identifying, stating, concerning, referring to, dealing with, generated wholly or partly in response to or because of, or in any way pertaining to.

F.    As used herein, the term "Identify" has the following meanings:

1.  When used in reference to any individual, it means to state the person's full name; present business address or, if unavailable, last known business address; present home address or, if unavailable, last known home address; and business or governmental affiliation and job title or, if unavailable, last known business or governmental affiliation and job title.

2.  When used in reference to any person other than an individual, it means to state the person's full name and d/b/a/, if any; and present address or, if unavailable, last known address.

3.  When used in reference to corporate entities, it means to state the corporate name, and date and place of incorporation, and all of its present business addresses.

4.  When used in reference to communications, it means to describe the statements and communications by stating the date and place where they were made; identifying each of the makers and recipients thereof in addition to all the persons present; and indicating the medium of communication. Note: When

identifying the date of an oral statement, or communication, the precise date must be given.  If only an approximate date is given, it will be presumed that you have no recall or specific knowledge as to the exact date.

G.    As used herein, "PROCEDURE" means written or unwritten policies, procedures or practices.

H.    "DOCUMENT" means a writing, and includes the original or a copy of handwriting, typewriting, printing, photostating, photographing, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations of them.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**

Please identify any persons by name, address, and University position who answered or assisted in answering these Interrogatories and for each person identify which particular interrogatory request(s) that person participated in. (Do not identify anyone who simply typed or reproduced the responses.)

.

**RESPONSE:**

**INTERROGATORY NO. 2:**

5

Please state whether you employed 50 or more employees at your facility located at 1700 Cold Spring Lane, Baltimore, Maryland 21251 for 20 or more calendar workweeks during the calendar year in which the plaintiff suffered the adverse hostile actions at issue (viz hostile actions cognizable under Title VII, including retaliation, FMLA Interference, FMLA Retaliation) and whether you did so during the preceding calendar year.

**RESPONSE:**

**INTERROGATORY NO. 3:**

.       Please set forth the Plaintiff's hire date; positions with the Defendant; pay rate and/or salary in each position; time in each position; reasons for changes in positions throughout Plaintiff's employment; and supervisor's in each position.  Please set forth also the corresponding pay rate and/or salary of similarly placed non Nigerian Faculty members of equal rank during the same time and the reason for the differences if any.

**RESPONSE:**

**INTERROGATORY NO. 4:**

Please set forth all leave taken by the Plaintiff during the time period in question, September 2005 to February 2010; the type of leave taken; the start and end dates for each leave period; whether consideration was given at the time as to whether the leave

6

was FMLA qualifying; whether the leave was designated as FMLA qualifying leave; whether the leave was designated as non-qualifying FMLA leave; and for each such FMLA designation who participated in that designation decision.  Indicate also the leave bank accumulated by the Plaintiff at the onset of each type of leave requested.

**RESPONSE:**

**INTERROGATORY NO. 5:**

Please set forth all leave requested by the Plaintiff during the time period in question September 2005 to February 2010; the type of leave requested and the reasons provided for the leave by Plaintiff; to whom and how the leave was requested; the proposed start and end dates for each requested leave period; whether the leave was granted or denied; whether the leave was paid or unpaid; and who participated in that decision and for each such period what bank leave was available to the Plaintiff..

**RESPONSE:**

**INTERROGATORY NO. 6:**

Please set forth all days and partial days missed by the plaintiff for the time period in question September 2005 and February 2010 and for each absence, set forth the employer's designation for the type of absence that occurred.

**RESPONSE:**

**INTERROGATORY NO. 7:**

7

Please set forth all reasons Morgan State University, the employer had for giving the Plaintiff FMLA Request forms which she filled out on November 18, 2008 when the Plaintiff clearly stated that she needed leave to go to Nigeria to bury her mother.  Please set forth all reasons why on November 25, 2008 (after the Plaintiff had left for Nigeria) the Human Resources Director denied the Plaintiff's request for FMLA leave and asked her to apply for "sick-bereavement" leave.  Please indicate also whether her application for "sick-bereavement" leave has been to date approved or denied. Please indicate who participated in that decision, their reasons at the time for taking the adverse employment action against the plaintiff. Please set forth all individuals (by name, position held at the time, and current position, if different) that participated in the decision making process to take the adverse employment action against the plaintiff.

**RESPONSE:**

**INTERROGATORY NO. 8:**

Is it a fact that the Plaintiff applied, on August 13, 2009, applied for leave under the Family and Medical Leave to care for her daughter for the period August 31, 2009 until October 2, 2009 and further notified in writing and in person Dr. Dolan Hubbard the Chairperson of her Department.  Is it a fact also that it was only on September 18, 2009, more than five weeks after Dr. Mezu applied for leave that Morgan State replied that "your request for leave under the Family and Medical Leave Act for the period August 31, 2009 until October 2, 2009 is denied." Please indicate who participated in that decision, their reasons at the time for taking the adverse employment action against the plaintiff. Please set forth all individuals (by name, position held at the time, and current

8

position, if different) that participated in the decision making process to take the adverse employment action against the plaintiff.

**RESPONSE:**

**INTERROGATORY NO. 9:**

Is it a fact that Dr. Mezu forwarded to Morgan State University on September 25, 2009, further explanations about her daughter's aneurysm from her daughter's physician, Dr. Huang. Is it a fact that Dr. Mezu filled out a request for FMLA leave, dated October 6, 2009, seeking further leave until December 4, 2009, because her daughter's physician had extended the period required for her recuperation until another review around December 4, 2009. Is it a fact that Morgan State University did not respond to this renewed FMLA leave application until more than a month later on November 13, 2009, when they wrote: **"You have been placed on a leave without pay status effective immediately. Please be mindful that with appropriate authorization, retroactive reimbursement of previously paid salaries may be required."** Please indicate who participated in that decision, their reasons at the time for taking the adverse employment action against the plaintiff. Please set forth all individuals (by name, position held at the time, and current position, if different) that participated in the decision making process to take the adverse employment action against the plaintiff.

**RESPONSE:**

**INTERROGATORY NO. 10:**

9

If you maintain that plaintiff was not an eligible employee under the FMLA, please set forth all reasons that support your contention to that effect. If you maintain that plaintiff or an immediate member of her family did not suffer from an FMLA qualifying serious health condition or did not otherwise qualify for FMLA leave, during the period August 31, 2009 through December 4, 2009, please set forth all reasons that support your contention to that effect.

**RESPONSE:**

**INTERROGATORY NO. 11:**

Is it a fact that Morgan State University subsequently stopped the payment of Dr. Mezu's salary with effect from November 13, 2009 and failed and/or neglected to reinstate her on the payroll even after she returned to work, as scheduled, on December 4, 2009. Is it a fact that despite returning to work, Dr. Mezu did not receive any salary or benefits from the University until January 20, 2010.  Please set forth all individuals (by name, position held at the time, and current position, if different) that participated in the decision making process to take the adverse employment action against the plaintiff.

**RESPONSE:**

**INTERROGATORY NO. 12:**

Is it a fact that Armada Grant is aware that Dr. Mezu is a black woman of Nigeria of Igbo ethnic origin?  Is it a fact that Armada Grant is aware that Dr. Mezu sued the University in her First Action docketed as Civil Action Number 02-CV-03713-JFM alleging

10

harassment, wage discrimination against the university?  Is it a fact that Armada Grant is aware of the Second Lawsuit on July 18, 2008 docketed as Civil Action No.: 08-C-1867-WDQ accusing the University of retaliation, failure to promote, equal pay violations, harassment and adverse employment actions for exercising protected rights and additionally FMLA  interference and Retaliation.

**RESPONSE:**

**INTERROGATORY NO. 13:**

Please indicate whether you have a written employee policy, employee manual, and/or an employee handbook and, if so, state the time period that that handbook has been in existence.  If you have written policies, employee manuals, and/or an employee handbook, please indicate at what point you included information on an employee's entitlements and obligation under the FMLA in the above mentioned documents.

**RESPONSE:**

**INTERROGATORY NO. 14:**

Do you agree that it is the stated policy of Morgan State University that "*all employees and students should be able to enjoy and work in an educational environment free from discrimination. Discrimination against any person or group of persons on the basis of race, color, national origin, religion, sex, sexual orientation, age, marital status or disability is prohibited by this Policy. Any employee, student, student organization, or person privileged to work or study at Morgan State University who violates this policy will be subject to disciplinary action up to and including permanent exclusion from the University.*

11

*Discrimination includes conduct (oral, written, graphic, or physical) directed against any person or group of persons because of race, color, national origin, religion, sex, sexual ori entation, age, marital status or disability and that has the purpose or reasonably foreseeable effect of creating an offensive, demeaning, intimidating, or hostile environment for that person or group of persons .....*

*Persons who feel they are victims of discrimination or who observe incidents of discrimination should immediately make a detailed written record of incidents, dates, and times at which they occurred, and of the names of perpetrators and witnesses, if known.*

*The incident should be reported to the Office of Diversity and Equal Opportunity (EEO) or the Office of Human Resources. The EEO Officer or the Office of Human Resources will, after a prompt investigation, in accordance with accepted due process procedures, take measures appropriate to the nature of the incident. These measures will be designed to accomplish the following:*

1. *Determine whether discrimination has occurred;*
2. *Prevent further acts of discrimination;*
3. *Restore to persons found to be discriminated against any losses suffered as a result of the discriminatory conduct;*
4. *Remove any material that violates this policy and/or repair any resulting damages; and*
5. *Prevent acts of retaliation against persons bringing the complaint.*

*If it is determined that discrimination has occurred, sanctions will be devised in accordance with the seriousness of the behavior. Sanctions may range from admonishment to, in extreme cases, dismissal.*

*The President shall establish rules and procedures that govern the investigation and adjudication of complaints filed under this policy."*

http://www.morgan.edu/Administration/Academic_Affairs/Office_of_Diversity_and_Equal_Employment_Opportunity/Nondiscrimination_Policy.html

**RESPONSE:**

**INTERROGATORY NO. 15:**

Please set forth all notices (written and verbal) that the Plaintiff provided the Human Resources Department and the employer of alleged incidences of discrimination conduct (oral, written, graphic, or physical) directed against the Plaintiff because of race, color, national origin, religion, sex, sexual orientation, age, marital status or disability and that

had the purpose or reasonably foreseeable effect of creating an offensive, demeaning, intimidating, or hostile environment for that person or group of persons. For each such notice please indicate the date the employer received notice; who received the notice on behalf of the employer; the nature of the complaint. State also whether the University addressed the issue, investigated the complaint of discrimination in accordance with laid down policy, the start date of the investigation, the end date of the investigation. Please set forth all individuals (by name, position held at the time, and current position, if different) that participated in the investigation.

**RESPONSE:**

**INTERROGATORY NO. 16:**

Further to Interrogatory 16, if you maintain that the Plaintiff was never discriminated against, please list the recommendations by the individuals and the minutes of the meeting where the decision was taken; who or what committee investigated the incidents to (1) determine whether discrimination has occurred; (2) how to prevent further acts of discrimination; (3) how to restore to the Plaintiff (if found to have been discriminated against) any losses suffered as a result of the discriminatory conduct; (4) remove any material that violates this policy and/or repair any resulting damages; and (5) Prevent acts of retaliation against the Plaintiff for bringing the complaint.

**INTERROGATORY NO. 17:**

Please set forth the job position and courses graduate and undergraduate that plaintiff was assigned upon her return from any FMLA leave.  If that position differed in anyway from the plaintiff's previous position, please set forth how it differed; all reasons for the change in position; and all individuals who participated in the decision to assign plaintiff to a different position.

**RESPONSE:**

**INTERROGATORY NO. 18:**

Please provide reasons for and the circumstances surrounding the sack, retirement and/or resignation of the following Nigerian and African Professors from the following Departments of Morgan State University: Professor Sunday Anozie (English), Professor Patrick Bassey Williams (Public Health), Professor Sydney Onyeberechi (English), Professor Isidore Obot (Public Health), Professor Joel O. Nwagbaraocha, Prof. Charles Owusu Kwarteng (Political Science), the sack and reinstatement of Mr. Gabriel Tenabe (Office of Museums)

**RESPONSE:**

**INTERROGATORY NO. 19:**

How many African Professors at Morgan State University have filed lawsuits based on claims of  (1) violations of Maryland's national origin, gender and wage discrimination laws; (2) violations of the federal Equal Pay Act; (3) hostile workplace under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17 (2000);1 (4) due process violations; (5) equal protection violations; (6) First Amendment violations;

14

and, (7) invasion of privacy?  How many like Dr. Charles Owusu Kwarteng were fired

following the exercise of their protected rights (Karteng v Morgan State University **[CA-03-515-1-WMN]**? How many did Morgan State University "in error" remove their

names from the payroll as in the case of Dr. Rose Mezu [**Civil Action No. WMN-09-2855**]

**RESPONSE:**

**INTERROGATORY NO. 20:**

Identify any and all persons whom Defendant may call as witnesses at the trial of

this action.  For each person please set forth their contact information and a brief

summary of their expected trial testimony.

**RESPONSE:**

**INTERROGATORY NO. 21:**

Identify any and all documents that Defendant intends to use as Exhibits at the

trial of this action.

**RESPONSE:**

**INTERROGATORY NO. 22:**

15

Identify any and all persons whom Defendant may call as an expert witness(es) at the trial of this action.  For each person please set forth their contact information, their qualifications, and a brief summary of their expected trial testimony.

**RESPONSE:**

**INTERROGATORY NO. 23:**

Does the University have an insurance policy covering the University against the negligent, wanton, or willful acts of its employees that might result in an injury tort action against the University? If so, please list details on the extent of the coverage.

**RESPONSE:**

**INTERROGATORY NO. 24:**

Does the University have a contract with any agency or other company in which that service agrees to defend, indemnify, or insure against any portion of injury lawsuits filed against the University? If so, please identify that service and list relevant portions of that contract.

**RESPONSE:**

**INTERROGATORY NO. 25:**

Please provide details about any lawsuits by Faculty member and/or staff against the University in the past five (5) years. Only include lawsuits in which the individual or group complained about promotion, retaliation, EPA, discrimination and FMLA issues. Please include the court, the case title, the case number, the type of complaint, the

16

nationality and sex of the individual (African [specify the country], American, European,

Asiatic), if known, and whether the complainant recovered or not and those who were

fired or demoted for any reason after the complaint.

**RESPONSE:**

Dated: May 17, 2010                                      /S/ C. Valerie Ibe, Esq.

                                                        Law Offices of C. Valerie Ibe,
                                                        A Professional L aw
                                                        Corporation  23614 Nadir
                                                        Street
                                                        West Hills, CA 91304
                                                        Telephone: 818-346-8777
                                                        Email: Kancvi@aol.com
                                                        Bar ID: 94234
                                                        Counsel for Plaintiff, Rose

                                                        /S/ John M. Singleton, Esq.
                                                        Singleton Law Group
                                                        400 Redland Court, Suite 107
                                                        Telephone: 410-902-0073
                                                        Fax: 410-902-7372
                                                        Email:jmsingleton@sgt-law.com
                                                        Bar ID: 02275
                                                        Counsel for Plaintiff, Rose Ure Mezu

17

**CERTIFICATE OF SERVICE**

I hereby certify that on May 17 , 2010, I electronically filed the foregoing copy of the

**Complainant's First Set of Interrogatories to Morgan State University** by email to

Sally Lotz Swann  at sswann@oag.state.md.us  and by first class mail, postage prepaid

to:


Sally Lotz Swann
Assistant Attorney General
Educational Affairs Division
200 St. Paul Place, 17th Floor
Baltimore, MD 21202-2021

/S/ C. Valerie Ibe, Esq.
Law Offices of C. Valerie Ibe,
A Professional Law Corporation
23614 Nadir Street
West Hills, CA 91304
Telephone: 818-346-8777
Email: Kancvi@aol.com
Bar ID: 94234
Counsel for Plaintiff, Rose

/S/ John M. Singleton, Esq.
Singleton Law Group
400 Redland Court, Suite 107
Telephone: 410-902-0073
Fax: 410-902-7372
Email:jmsingleton@sgt-law.com
Bar ID: 02275
Counsel for Plaintiff, Rose Ure Mezu

18

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| ROSE URE MEZU | : |
|        Plaintiff, | : |
| | : |
|     v. | :   Civil Action No. WMN-09-2855 |
| | : |
| MORGAN STATE UNIVERSITY, | : |
|     and | : |
| ARMADA  W. GRANT, | : |
| in her personal capacity and | : |
| as Director, Human Resources/Payroll for | : |
| Morgan State University, | : |
|     and | : |
| DOLAN HUBBARD, | : |
|  in his personal capacity and | : |
| as Chair,  Department of English | : |
| and Language Arts, | : |
| Morgan State University, | : |
|      Defendants. | : |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION**
**OF DOCUMENTS TO DEFENDANT, MORGAN STATE UNIVERSITY**

Plaintiff, by and through his/her attorney, serves the following request for

production of documents upon Defendant to be responded to, pursuant to Fed. R. Civ. P.

34, and L.R. 104, within thirty days after the date of service.

**INSTRUCTIONS FOR RESPONDING**

1.     Production can be accomplished by mailing the documents within the rule

time to the undersigned trial attorney.

2.     The documents requested for production include those in the possession,

custody, or control of Defendant, its agents, representatives, or attorneys.

1

3.      Unless otherwise indicated, these requests refer to the time, place, and circumstances of the occurrences described in the Complaint and any amendments thereto.

4.      Copies, if authenticated, of the original documents may be supplied in response. Also, include copies of such writings which bear any notes or markings not found on the originals and all preliminary, intermediate, final and revised drafts of such documents.

5.      **If your sole objection to any of the demands is on the basis that the demanded documents contain information considered by you to contain other confidential information, plaintiff hereby offers to enter into an appropriate Protective Order limiting the disclosure of any such information or documents to the parties to this litigation, their attorneys and experts.** As to any demanded document or portion thereof which is contained within this classification, please fully identify the document or portion thereof in your response.

6.      It is not intended that this request require production of any documents which are privileged. If you are not producing any documents responsive to any of the numbered requests below on the basis of a claimed privilege, or for any other reason, and you are unwilling to accept **plaintiff's offer to enter into a protective order limiting the disclosure of the information to the parties to this litigation** as stated in the preceding paragraph, then please provide the information set forth in Fed. R. Civ. P. 26(b)(5) and Discovery Guideline 9(c)(ii)(b) and also include the following information:

1. Describe the document with specificity with the date, type and subject matter of the document.

2. Identify the privilege claimed or other reason why the document is not produced;

3. State the names and capacities of all persons who participated in the preparation of the document; and

4. State the names and capacities of all persons to whom the document was circulated or its contents communicated.

7.    Each request should be responded to separately; however, a document which is the response to more than one request may, if the relevant portion is so marked or indexed, be produced and referred to in later response.

8.    All documents which are responsive in whole or in part to any of the following numbered requests shall be produced in full, without abridgement, abbreviation or expurgation of any sort. If any such documents cannot be produced in full, produce the document to the extent possible and indicate in your written response what portion of the document is not produced and why it could not be produced.

9.    Each request refers to all documents that are either known by Defendant to exist or that can be located or discovered by reasonably diligent efforts of the Defendant.

10.    For requests referring to policies, practices, criteria, methods, standards, and/or regulations, please include the corporate and, where different, the division's documents.

11.    Please note that Defendant is under a continuing duty, pursuant to Fed. R. Civ. P. 26(e), to reasonably supplement the production with documents obtained subsequent to the preparation and filing of a response to each request.

**DEFINITIONS**

1.      The term "document(s)" refers to all writings of any kind, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise, including without limitation correspondence; memoranda; notes; diaries; statistics; letters; materials; invoices; orders; directives; interviews; telegrams; minutes; reports; studies; statements; transcripts; summaries; pamphlets; books; interoffice and intraoffice communications, notations of any sort of conversations, telephone calls, meetings or other communications; bulletins; printed matter; teletype; telefax; worksheets; and all drafts, alterations, modifications, changes and amendments of any of the foregoing; graphic or aural recordings or representations of any kind, including without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, records, motion pictures; and electronic, mechanical, or electrical recordings or representations of any kind, including without limitation, tapes, cassettes, cartridges, discs, chips, and records.

**DOCUMENT REQUESTS**

REQUEST NO. 1

        Produce each and every document that shows basic payroll and identifying employee data, including name, address, and occupation; rate or basis of pay and terms of compensation; daily and weekly hours worked per pay period; additions to or deductions from wages; and total compensation paid to the plaintiff for the past five years.

4

REQUEST NO. 2

Produce each and every document reflecting dates FMLA leave was taken by the Plaintiff including time records, requests for leave, and similar documentation.

REQUEST NO. 3

Produce each and every document reflecting dates FMLA leave was requested by any employee in the last five (5) years, including time records, requests for leave, and similar documentation.

REQUEST NO. 4

Produce each and every document that reflecting employee notices of leave furnished to the Plaintiff under the FMLA and copies of all general and specific notices given to the Plaintiff and other employees as required by the FMLA and its regulations.

REQUEST NO. 5

Produce each and every document describing employee benefits or employer policies and practices regarding the taking of paid and unpaid leaves, including but not limited to any guidelines the University has adopted or that it follows concerning evaluating FMLA leave requests.

REQUEST NO. 6

Produce each and every document reflecting records of premium payments of Plaintiff's employee benefits.

5

REQUEST NO. 7

Produce each and every document reflecting records of any dispute between the employer and an employee regarding designation of leave as FMLA leave, including any written statement from the employer or employee of the reasons for the designation and the disagreement.

REQUEST NO. 8

Produce each and every document reflecting dates leave was taken that did not qualify as FMLA leave by the Plaintiff including time records, requests for leave, and documentation explaining why the leave taken was not FMLA qualifying.

REQUEST NO. 9

Produce Plaintiff's personnel file including all documents regarding the decision to hire plaintiff.

REQUEST NO. 10

Produce each and every document not contained in Plaintiff's personnel file that are relevant to his/her employment with Defendant including all periodic reviews of Plaintiff's job performance including all electronically stored information whether in individual computers or remote servers and external drives.

REQUEST NO. 11

Produce each and every document relevant to the adverse employment action taken against the Plaintiff including, but not limited to, each and every document that shows or refers to any reason why Defendant disciplined and/or counseled Plaintiff.

REQUEST NO. 12

Produce each and every document that shows or refers to any absence that was at least part of the reason for Defendant's decision to discipline and/or counsel Plaintiff.

REQUEST NO. 13

Produce each and every document that shows discipline, counseling , adverse employment action, and/or discharge of any other employee of Defendant for absence-related reasons during the previous four years.

REQUEST NO. 14

Produce each and every document that shows or refers to any policy of Defendant that Plaintiff violated that led, at least in part, to her being disciplined, counseled, and/or adversely affected in her employment.

REQUEST NO. 15

Produce each and every document that was an employee manual or handbook in force during the preceding five years.

7

REQUEST NO. 16

Produce each and every document that was a policy manual for supervisors in force during the preceding five years.

REQUEST NO. 17

Produce each and every document that shows or refers to Defendant's FMLA policies in force at any time during the preceding five years.

REQUEST NO. 18

Produce each and every document that shows or refers to Defendant's attendance policies, in force at any time during the preceding five years.

REQUEST NO. 19

Produce each and every document that constituted attendance and/or payroll records kept for any and all other employees of Defendant's English Department for the preceding five years.

REQUEST NO. 20

Produce each and every email whether stored in individual local office computer, hard drive, external drive or remote server that includes Plaintiff's name, country of origin Nigeria, tribe of origin, Igbo or Ibo, and/or is relevant to Plaintiff's employment with Defendant and the employment of other Nigerians at Morgan State University..

8

REQUEST NO. 21

Produce each and every document that informed Plaintiff of the hierarchy of her superiors and/or supervisors.

REQUEST NO. 22

Produce each and every document that Defendant intends to use as Exhibits at the trial of this action.

REQUEST NO. 22

Produce each and every document dealing with the promotion of Assistant and Associate Professors in the English Department, Political Science Department and History Department during the past six years including the recommendations of their various Departmental Tenure and Promotion Review Committees and the international reviews of the publications that warranted their promotion and/or tenure, and those promoted following appeals to the University Review Committee.

REQUEST NO. 23:

Produce each document to which your answers to interrogatories refer, or on which you relied in preparing the answers to interrogatories.

REQUEST NO. 24:

Produce any and all documents concerning evaluation of the FMLA leave requests of all employees who have made such requests in the last five (5) years.

9

Dated: May 19, 2010

/S/ C. Valerie Ibe, Esq.
Law Offices of C. Valerie Ibe,
A Professional L aw Corporation
23614 Nadir Street
West Hills, CA 91304
Telephone: 818-346-8777
Email: Kancvi@aol.com
Bar ID: 94234
Counsel for Plaintiff, Rose Ure Mezu


/S/ John M. Singleton, Esq.
Singleton Law Group
400 Redland Court, Suite 107
Telephone: 410-902-0073
Fax: 410-902-7372
Email: jmsingleton@sgt-law.com
Bar ID: 02275
Counsel for Plaintiff, Rose Ure Mezu

10

**CERTIFICATE OF SERVICE**

 I hereby certify that on May 19, 2010, I electronically filed the foregoing copy of the **Complainant's First Request for Production of Documents to MORGAN STATE UNIVERSITY** by email to Sally Lotz Swann   at sswann@oag.state.md.us  and by first class mail, postage prepaid to:

 Sally Lotz Swann
 Assistant Attorney General
 Educational Affairs Division
 200 St. Paul Place, 17th Floor
 Baltimore, MD 21202-2021

/S/ C. Valerie Ibe, Esq.
Law Offices of C. Valerie Ibe,
A Professional L aw
Corporation 23614 Nadir
Street
West Hills, CA 91304
Telephone: 818-346-8777
Email: Kancvi@aol.com
Bar ID: 94234
Counsel for Plaintiff, Rose Ure Mezu


/S/ John M. Singleton, Esq.
Singleton Law Group
400 Redland Court, Suite 107
Telephone: 410-902-0073
Fax: 410-902-7372
Email: jmsingleton@sgt-
law.com
Bar ID: 02275

Counsel for Plaintiff, Rose Ure Mezu

11