# EXHIBIT 2-

# Defendants' Discovery Responses

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

ROSE URE MEZU                              *

      **Plaintiff,**                          *

      **v.**                                *      **Civil Action No. WMN-09-2855**

MORGAN STATE UNIVERSITY, et al.,          *

      **Defendants.**                        *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**DEFENDANT MORGAN STATE UNIVERSITY'S**
**ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

    Defendant Morgan State University, by its attorneys, Douglas F. Gansler,

Attorney General of Maryland, and Sally L. Swann, Assistant Attorney General, hereby

answers Plaintiff's First Set of Interrogatories as follows:

    A.  The information supplied in these answers is not based solely on the knowledge of the executing party but includes the knowledge of the party's agents, representatives and attorneys, unless privileged.

    B.  The word usage and sentence structure may be that of the attorney assisting in the preparation of these responses and thus does not necessarily purport to be the precise language of the executing party.

**General Objections**

    1.    Defendant objects to the extent that the information sought is within the knowledge of the plaintiff.  Notwithstanding such objection, defendant has made a good faith attempt to answer such interrogatories.

    2.    Defendant objects to the extent that the interrogatories seek information beyond the scope permitted by the Federal Rules of Civil Procedure or require the disclosure of information protected by the attorney client or attorney work product privileges.  Defendant also objects to providing "each and every" and "all" items of information because it is burdensome and impossible to do so.  Without  waiving such

objection, defendant has, where appropriate, made a good faith attempt to answer such interrogatories.

3.      Much of the information sought can be found in documents produced to Plaintiff simultaneously with these Answers.

**INTERROGATORY NO. 1:**  Please identify any persons by name, address, and University position who answered or assisted in answering these Interrogatories and for each person identify which particular interrogatory request(s) that person participated in. (Do not identify anyone who simply typed or reproduced the responses.)

**RESPONSE:** Armada Grant, MSU, 1700 E. Cold Spring Lane, Baltimore

Maryland 21251, Director of Human Resources; Dr. Dolan Hubbard, Chairperson,

English Department, MSU.

**INTERROGATORY NO. 2:**  Please state whether you employed 50 or more employees at your facility located at 1700 Cold Spring Lane, Baltimore, Maryland 21251 for 20 or more calendar workweeks during the calendar year in which the plaintiff suffered the adverse hostile actions at issue (viz hostile actions cognizable under Title VII, including retaliation, FMLA Interference, FMLA Retaliation) and whether you did so during the preceding calendar year.

**RESPONSE:**  Defendant objects to the interrogatory as worded because plaintiff

asks for legal conclusions. Without waiving the objection, defendant states it is a public

institution of higher education located at 1700 Cold Spring Lane, Baltimore, MD 21251 and

is subject to Title VII and the FMLA.

**INTERROGATORY NO. 3:**  Please set forth the Plaintiff's hire date; positions with the Defendant; pay rate and/or salary in each position; time in each position; reasons for changes in positions throughout Plaintiff's employment; and supervisor's in each position. Please set forth also the corresponding pay rate and/or salary of similarly placed non Nigerian Faculty members of equal rank during the same time and the reason for the differences if any.

**RESPONSE:**  Defendant objects to the interrogatory because it is overly broad and

requests information beyond the scope of the two counts remaining in the case and is not

reasonably calculated to lead to the discovery of admissible evidence relevant to the two remaining counts in the case . Moreover, the request contains more than one request. Without waiving the objection, defendant states the following information concerning plaintiff's salary:

Associate Professor, 8/17/05, salary $60,389

Associate Professor, 8/16/06, salary $63,445

Associate Professor, 8/15/07, salary $66,008

Associate Professor, 8/13/08, salary $68,203

Associate Professor, 8/12/09, salary $68,203

Dr. Mary Janet Bury, Acting Chairperson and Assistant Professor—July 1, 1996-June 30, 1998.

Dr. Dolan Hubbard began as Chairperson of the English Department July 1, 1998 and continues in that position.

**INTERROGATORY NO. 4:** Please set forth all leave taken by the Plaintiff during the time period in question, September 2005 to February 2010; the type of leave taken; the start and end dates for each leave period; whether consideration was given at the time as to whether the leave was FMLA qualifying; whether the leave was designated as FMLA qualifying leave; whether the leave was designated as non-qualifying FMLA leave; and for each such FMLA designation who participated in that designation decision.  Indicate also the leave bank accumulated by the Plaintiff at the onset of each type of leave requested.

**RESPONSE:** Defendant objects to the interrogatory on the grounds that it is overly broad. Without waiving the objection, defendant responds to that part of the request concerning the leave periods in November 2008 and 2009.

Plaintiff received paid FMLA leave from March 10, 2008 to March 21, 2008.

Plaintiff requested FMLA leave for burial of parent for November 25, 2008 to December 7, 2008. Leave request was denied because FMLA leave does not apply to burial of parent, but plaintiff was allowed to take paid bereavement leave.

Plaintiff requested sick leave on August 13, 2009. She was granted sick leave for the period August 13 - August 20, 2009.

Plaintiff requested FMLA leave on August 31, 2009. She was continued on paid sick leave until November 13, 2009. Plaintiff was retroactively awarded paid sick leave for the three week period of November 13, 2009 through December 3, 2009.

For each of the leave periods, plaintiff was on paid leave because she had sufficient sick leave available to be paid.

The Assistant Director of Human Resources and/or the Director of Human Resources determine eligibility for FMLA leave.

**INTERROGATORY NO. 5:** Please set forth all leave requested by the Plaintiff during the time period in question September 2005 to February 2010; the type of leave requested and the reasons provided for the leave by Plaintiff; to whom and how the leave was requested; the proposed start and end dates for each requested leave period; whether the leave was granted or denied; whether the leave was paid or unpaid; and who participated in that decision and for each such period what bank leave was available to the Plaintiff.

**RESPONSE:** Defendant objects to the interrogatory on the grounds that it is overly broad. Without waiving the objection, defendant refers to response to interrogatory no. 4.

**INTERROGATORY NO. 6:** Please set forth all days and partial days missed by the plaintiff for the time period in question September 2005 and February 2010 and for each absence, set forth the employer's designation for the type of absence that occurred.

**RESPONSE:** Defendant objects to the interrogatory on the grounds that it is overly broad. Without waiving the objection, defendant responds to that part of the

request concerning the leave periods in November 2008 and 2009 which is provided in

response to interrogatory no. 4.  Plaintiff designates her sick leave which is approved by

the Chairperson of the English Department.

**INTERROGATORY NO. 7:** Please set forth all reasons Morgan State University, the employer had for giving the Plaintiff FMLA Request forms which she filled out on November 18, 2008 when the Plaintiff clearly stated that she needed leave to go to Nigeria to bury her mother.  Please set forth all reasons why on November 25, 2008 (after the Plaintiff had left for Nigeria) the Human Resources Director denied the Plaintiff's request for FMLA leave and asked her to apply for "sick-bereavement" leave.  Please indicate also whether her application for "sick-bereavement" leave has been to date approved or denied. Please indicate who participated in that decision, their reasons at the time for taking the adverse employment action against the plaintiff.  Please set forth all individuals (by name, position held at the time, and current position, if different) that participated in the decision making process to take the adverse employment action against the plaintiff.

**RESPONSE:** Defendant objects to the interrogatory as worded on the grounds

that it asks for legal conclusions. Without waiving the objection, defendant responds that

on November 19, 2008, plaintiff came to the Office of Human Resources to request a

FMLA packet from Barbara Watkins who understood the plaintiff to say she (plaintiff)

was ill.  On November 20, 2008, plaintiff returned to the Office of Human Resources

accompanied by a man, and requested another FMLA information packet. Plaintiff

indicated she was going home to bury her mother, but did not indicate the FMLA form

was for that reason.  Human Resources as part of its normal business practice will

providing the FMLA forms to any employee who asks for the form.  Plaintiff received

paid bereavement leave for attendance at her mother's funeral.

**INTERROGATORY NO. 8:** Is it a fact that the Plaintiff applied, on August 13, 2009, applied for leave under the Family and Medical Leave to care for her daughter for the period August 31, 2009 until October 2, 2009 and further notified in writing and in

person Dr. Dolan Hubbard the Chairperson of her Department.  Is it a fact also that it was only on September 18, 2009, more than five weeks after Dr. Mezu applied for leave that Morgan State replied that "your request for leave under the Family and Medical Leave Act for the period August 31, 2009 until October 2, 2009 is denied." Please indicate who participated in that decision, their reasons at the time for taking the adverse employment action against the plaintiff. Please set forth all individuals (by name, position held at the time, and current position, if different) that participated in the decision making process to take the adverse employment action against the plaintiff.

**RESPONSE:** Defendant objects to the interrogatory on the grounds that plaintiff asks for legal conclusions, and the interrogatory contains more than one request. Without waiving the objection, defendant responds that plaintiff requested and received paid sick leave for the time period August 13, 2009 - August    2009. Plaintiff then requested FMLA leave for the period August 31, 2009 until October 2, 2009. The Director of Human Resources is the final authority for the FMLA leave decisions.

**INTERROGATORY NO. 9:** Is it a fact that Dr. Mezu forwarded to Morgan State University on September 25, 2009, further explanations about her daughter's aneurysm from her daughter's physician, Dr. Huang.  Is it a fact that Dr. Mezu filled out a request for FMLA leave, dated October 6, 2009, seeking further leave until December 4, 2009, because her daughter's physician had extended the period required for her recuperation until another review around December 4, 2009.  Is it a fact that Morgan State University did not respond to this renewed FMLA leave application until more than a month later on November 13, 2009, when they wrote: **"You have been placed on a leave without pay status effective immediately. Please be mindful that with appropriate authorization, retroactive reimbursement of previously paid salaries may be required."**   Please indicate who participated in that decision, their reasons at the time for taking the adverse employment action against the plaintiff.  Please set forth all individuals (by name, position held at the time, and current position, if different) that participated in the decision making process to take the adverse employment action against the plaintiff.

**RESPONSE:** Defendant objects to the interrogatory on the grounds that the wording is confusing and misleading, and the interrogatory makes more than one request. Without waiving the objection, defendants responds that the Director of Human Resources received a letter dated September 22, 2009 within which was a sealed envelope with the

words "Operative Report: strictly confidential and not for circulation to anyone. FOR

ARMADA GRANT ONLY". Because the Director of Human Resources needed

documentation from the attending physician, not from the employee, the sealed envelope

was returned unopened.

Defendant also responds that plaintiff submitted a second request for leave on October 6,

2009 to extend FMLA leave until December 4, 2009, but was notified on November 13,

2009 that her request for FMLA leave was not approved because of lack of sufficient

documentation.

**INTERROGATORY NO. 10:**  If you maintain that plaintiff was not an eligible employee
under the FMLA, please set forth all reasons that support your contention to that effect. If
you maintain that plaintiff or an immediate member of her family did not suffer from an
FMLA qualifying serious health condition or did not otherwise qualify for FMLA leave,
during the period August 31, 2009 through December 4, 2009, please set forth all reasons
that support your contention to that effect.

> **RESPONSE:**  Plaintiff sought FMLA leave to care for her adult daughter. To make

a determination that plaintiff was eligible for FMLA leave, her daughter's physician needed

to provide medical documentation to support the need of the plaintiff to provide care, the

nature of the care and the duration of the care. The necessary documentation was not

provided.

**INTERROGATORY NO. 11:** Is it a fact that Morgan State University subsequently
stopped the payment of Dr. Mezu's salary with effect from November 13, 2009 and failed
and/or neglected to reinstate her on the payroll even after she returned to work, as scheduled,
on December 4, 2009. Is it a fact that despite returning to work, Dr. Mezu did not receive
any salary or benefits from the University until January 20, 2010.  Please set forth all
individuals (by name, position held at the time, and current position, if different) that
participated in the decision making process to take the adverse employment action against
the plaintiff.

> **RESPONSE:** Defendant objects to the interrogatory on the grounds that it contains

more than one request. Without waiving the objection, defendant responds that plaintiff's salary was stopped, by mistake, for the period November 13, 2009 until December 4, 2009. Because defendant did not know that plaintiff had been unpaid from November 13 until December 4, the necessary paperwork to reactivate her salary payment was not made on December 4, 2009. Plaintiff was placed on regular pay status as soon as defendant learned of the mistake.

**INTERROGATORY NO. 12:** Is it a fact that Armada Grant is aware that Dr. Mezu is a black woman of Nigeria of Igbo ethnic origin?  Is it a fact that Armada Grant is aware that Dr. Mezu sued the University in her First Action docketed as Civil Action Number 02-CV-03713-JFM alleging harassment, wage discrimination against the university?  Is it a fact that Armada Grant is aware of the Second Lawsuit on July 18, 2008 docketed as Civil Action No.: 08-C-1867-WDQ accusing the University of retaliation, failure to promote, equal pay violations, harassment and adverse employment actions for exercising protected rights and additionally FMLA  interference and Retaliation.

**RESPONSE:** Defendant objects to the interrogatory on the grounds that it is improperly worded and contains more than one request. Without waiving the objection, defendant responds that Armada Grant (who is no longer a defendant in this case) was named as a defendant in the cases cited in the interrogatory.

**INTERROGATORY NO. 13:** Please indicate whether you have a written employee policy, employee manual, and/or an employee handbook and, if so, state the time period that that handbook has been in existence.  If you have written policies, employee manuals, and/or an employee handbook, please indicate at what point you included information on an employee's entitlements and obligation under the FMLA in the above mentioned documents.

**RESPONSE:** Defendant objects on the grounds that the interrogatory contains more

than one request. Without waiving the objection, defendant responds that the University has

written policies and manuals regarding leave for employees, which include information

about the FMLA. Policies change and/or are amended from time to time.

**INTERROGATORY NO. 14:** Do you agree that it is the stated policy of Morgan State
University that "*all employees and students should be able to enjoy and work in an
educational environment free from discrimination. Discrimination against any person or
group of persons on the basis of race, color, national origin, religion, sex, sexual
orientation, age, marital status or disability is prohibited by this Policy. Any employee,
student, student organization, or person privileged to work or study at Morgan State
University who violates this policy will be subject to disciplinary action up to and
including permanent exclusion from the University.*

*Discrimination includes conduct (oral, written, graphic, or physical) directed against any
person or group of persons because of race, color, national origin, religion, sex, sexual
orientation, age, marital status or disability and that has the purpose or reasonably
foreseeable effect of creating an offensive, demeaning, intimidating, or hostile
environment for that person or group of persons .....*

*Persons who feel they are victims of discrimination or who observe incidents of*

*discrimination should immediately make a detailed written record of incidents, dates, and
times at which they occurred, and of the names of perpetrators and witnesses, if known.*

*The incident should be reported to the Office of Diversity and Equal Opportunity (EEO)
or the Office of Human Resources. The EEO Officer or the Office of Human Resources
will, after a prompt investigation, in accordance with accepted due process procedures,
take measures appropriate to the nature of the incident. These measures will be designed
to accomplish the following:*

1. *Determine whether discrimination has occurred;*

2. *Prevent further acts of discrimination;*

3. *Restore to persons found to be discriminated against any losses suffered as a
   result of the discriminatory conduct;*

4. *Remove any material that violates this policy and/or repair any resulting
   damages; and*

5. *Prevent acts of retaliation against persons bringing the complaint.*

*If it is determined that discrimination has occurred, sanctions will be devised in accordance with the seriousness of the behavior. Sanctions may range from admonishment to, in extreme cases, dismissal.*

*The President shall establish rules and procedures that govern the investigation and adjudication of complaints filed under this policy."*

http://www.morgan.edu/Administration/Academic_Affairs/Office_of_Diversity_and_Equal_Employment_Opportunity/Nondiscrimination_Policy.html

**RESPONSE:** Defendants object to the interrogatory on the grounds that there is nothing to respond to. The University has had and continues to have a nondiscrimination policy which is stated above.

**INTERROGATORY NO. 15:** Please set forth all notices (written and verbal) that the Plaintiff provided the Human Resources Department and the employer of alleged incidences of discrimination conduct (oral, written, graphic, or physical) directed against the Plaintiff because of race, color, national origin, religion, sex, sexual orientation, age, marital status or disability and that had the purpose or reasonably foreseeable effect of creating an offensive, demeaning, intimidating, or hostile environment for that person or group of persons. For each such notice please indicate the date the employer received notice; who received the notice on behalf of the employer; the nature of the complaint.  State also whether the University addressed the issue, investigated the complaint of discrimination in accordance with laid down policy, the start date of the investigation, the end date of the investigation.   Please set forth all individuals (by name, position held at the time, and current position, if different) that participated in the investigation.

**RESPONSE:** Defendant objects to the interrogatory on the grounds that it is overly broad, requests information not reasonably calculated to lead to the discovery of admissible evidence relating to the two remaining counts in this case, and concerns claims that have been litigated in the federal courts and are res judicata. **INTERROGATORY NO. 16:** Further to Interrogatory 16, if you maintain that the Plaintiff was never discriminated against,  please list the recommendations by the individuals and the minutes of the meeting where the decision was taken; who or what committee investigated the incidents to (1) determine whether discrimination has occurred; (2) how to prevent further acts of discrimination; (3) how to restore to the Plaintiff (if found to have been discriminated against) any losses suffered as a result of the discriminatory conduct; (4) remove any material that violates this policy and/or repair any resulting damages; and (5) Prevent acts of retaliation against the Plaintiff for bringing the complaint.

10

**RESPONSE:** Defendant objects on the grounds that the interrogatory is overly broad, confusing and not reasonably calculated to lead to the discovery of admissible evidence related to the two remaining counts in the case. The request also improperly asks defendant to speculate "if defendant has been found to have discriminated." Without waiving the objection, defendant responds that the denial of FMLA leave was based on insufficient documentation from plaintiff, and that plaintiff has not been retaliated against.

**INTERROGATORY NO. 17:**  Please set forth the job position and courses graduate and undergraduate that plaintiff was assigned upon her return from any FMLA leave.  If that position differed in anyway from the plaintiff's previous position, please set forth how it differed; all reasons for the change in position; and all individuals who participated in the decision to assign plaintiff to a different position.

**RESPONSE:** The following is plaintiff's course schedule.

| 2010 SPRING SEMEMSTER | | | |
|---|---|---|---|
| **COURSE** | **SECTION** | **LOCATION** | **TIME** |
| ENGL | 102.028 | NEW COMM CENTER 117 | MWF 11:00-11:50 |
| HUMA | 201 | HOLMES HALL 114 | MWF 1:00-1:50 |
| HUMA | 201.006 | HOLMES HALL 114 | MWF 2:00-2:50 |
| ENGL | 102.035 | HOLMES HALL 114 | MWF 4:00-4:4:50 |
| | | | |
| ENGL (Re-assigned) | 852.085 | HOLMES HALL 109 | W 4:30-7:15 |
| POSTCOLONIAL LITERTURE | | | |
| 2010 FALL SEMEMSTER | | | |
| **COURSE** | **SECTION** | **LOCATION** | **TIME** |
| HUMA | 201.005 | HOLMES HALL 114 | MWF 12:00-12:50 |
| ENGL AFRICAN LIT | 341.001 | HOLMES HALL 103 | MWF 1:00-1:50 |
| HUMA | 201.008 | HOLMES HALL 114 | MWF 3:00-3:50 |
| ENGL   WOMANISM AND | 855.085 FEMINISM | NCC 207 | W 4:30-7:15 |

11

Because the Chairperson of the English Department had not received any information from

plaintiff about the timing of her return to work, he had to reassign the graduate course for

the Spring semester to another faculty member to assure that the course would be available

for graduate students.

**INTERROGATORY NO. 18:** Please provide reasons for and the circumstances surrounding the sack, retirement and/or resignation of the following Nigerian and African Professors from the following Departments of Morgan State University: Professor Sunday Anozie (English), Professor Patrick Bassey Williams (Public Health), Professor Sydney Onyeberechi (English), Professor Isidore Obot (Public Health), Professor Joel O. Nwagbaraocha, Prof. Charles Owusu Kwarteng (Political Science), the sack and reinstatement of Mr. Gabriel Tenabe (Office of Museums).

**RESPONSE:** Defendant objects to the interrogatory on the grounds that it is

overly broad and is not reasonably calculated to lead to the discovery of admissible

evidence related to the two remaining counts in this case.

**INTERROGATORY NO. 19:** How many African Professors at Morgan State University have filed lawsuits based on claims of (1) violations of Maryland's national origin, gender and wage discrimination laws; (2) violations of the federal Equal Pay Act; (3) hostile workplace under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17 (2000);1 (4) due process violations; (5) equal protection violations; (6) First Amendment violations; and, (7) invasion of privacy? How many like Dr. Charles Owusu Kwarteng were fired following the exercise of their protected rights (Karteng v Morgan State University **[CA-03-515-1-WMN]**? How many did Morgan State University "in error" remove their names from the payroll as in the case of Dr. Rose Mezu [**Civil Action No. WMN-09-2855**].

**RESPONSE:** Defendant objects to the interrogatory on the grounds that it is overly

broad and is not reasonably calculated to lead to the discovery of admissible evidence

related to the two counts remaining in the case.

12

**INTERROGATORY NO. 20:** Identify any and all persons whom Defendant may call as witnesses at the trial of this action. For each person please set forth their contact information and a brief summary of their expected trial testimony.

**RESPONSE:** Armada Grant, HR Director, MSU, Dolan Hubbard, Chairperson, MSU Department of English. Defendant reserves the right to name other witnesses as discovery progresses.

**INTERROGATORY NO. 21:** Identify any and all documents that Defendant intends to use as Exhibits at the trial of this action.

**RESPONSE:** Defendant reserves the right to supplement this response as discovery progresses. As of this date, defendant anticipates offering as evidence the HR file concerning the plaintiff's request for FMLA/sick leave, salary information, benefits information; the English department records regarding scheduling of courses for Spring 2010.

**INTERROGATORY NO. 22:** Identify any and all persons whom Defendant may call as an expert witness(es) at the trial of this action. For each person please set forth their contact information, their qualifications, and a brief summary of their expected trial testimony.

**RESPONSE:** Defendant reserves the right to name its expert witness after receipt of the name of plaintiff's expert witness, which defendant has not yet received.

**INTERROGATORY NO. 23:** Does the University have an insurance policy covering the University against the negligent, wanton, or willful acts of its employees that might result in an injury tort action against the University? If so, please list details on the extent of the coverage.

**RESPONSE:** Defendant is an entity of the State of Maryland, which is self-insured.

**INTERROGATORY NO. 24:** Does the University have a contract with any agency or other company in which that service agrees to defend, indemnify, or insure against any

13

portion of injury lawsuits filed against the University?  If so, please identify that service and list relevant portions of that contract.

**RESPONSE:** See response to interrogatory no. 23.

**INTERROGATORY NO. 25:** Please provide details about any lawsuits by Faculty member and/or staff against the University in the past five (5) years. Only include lawsuits in which the individual or group complained about promotion, retaliation, EPA, discrimination and FMLA issues. Please include the court, the case title, the case number, the type of complaint, the nationality and sex of the individual (African [specify the country], American, European, Asiatic), if known, and whether the complainant recovered or not and those who were fired or demoted for any reason after the complaint.

**RESPONSE:** Defendant objects to the interrogatory as overly broad and it is not

reasonably calculated to lead to the discovery of admissible evidence related to the two

remaining counts in the case.

<div style="margin-left: 50%;">

Respectfully submitted,

DOUGLAS F. GANSLER
Attorney General of Maryland


_____/s/_____
____
SALLY L. SWANN
Assistant Attorney General
Federal Bar No.: 06731
Educational Affairs Division
200 St. Paul Place, 17th Floor
Baltimore, MD 21202-2021
     sswann@oag.state.md.us

Counsel for Defendant
     Morgan State University

</div>

Signed by: _____
_____
Armada Grant, Director of Human Resources, MSU

14

CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of June, 2010, the defendant's response to interrogatories was e-mailed to Valerie Ibe, Esquire, kancvi@aol.com , attorney for plaintiff.

15

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

ROSE URE MEZU　　　　　　　　　*

　　　　Plaintiff,　　　　　　　　*

　　v.　　　　　　　　　　　　　*　　Civil Action No. WMN-09-2855

MORGAN STATE UNIVERSITY, et al.,　*

　　　　Defendants.　　　　　　　*

\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

**DEFENDANT MORGAN STATE UNIVERSITY'S RESPONSES TO
PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendant, Morgan State University, by its undersigned counsel, Douglas F. Gansler,

Attorney General of Maryland, and Sally L. Swann, Assistant Attorney General, hereby responds

to Plaintiff's first request for production of documents as follows:

**General Objections**

1.　　Defendant objects to the requests to the extent that they impose a greater

obligation than that imposed by the Federal Rules of Civil Procedure.

2.　　Defendant objects to such request that require them to produce "any and all

documents" or "every document," because such requests are burdensome and defendant cannot

reasonably be expected to produce every single document.  Defendant has made a good faith

effort to locate such documents where they reasonably believe they can be found.

3.　　Defendant objects to producing documents that are irrelevant to the issues in this

case and that are not reasonably calculated to lead to the discovery of relevant evidence.

**RESPONSES**

1

**REQUEST NO. 1:**  Produce each and every document that shows basic payroll and identifying employee data, including name, address, and occupation; rate or basis of pay and terms of compensation; daily and weekly hours worked per pay period; additions to or deductions from wages; and total compensation paid to the plaintiff for the past five years.

**RESPONSE: Defendant objects to the request on the grounds that it is overly broad and burdensome in seeking five years of documents. Without waiving the objection, defendant will produce documents for the last three years.**

**REQUEST NO. 2:**  Produce each and every document reflecting dates FMLA leave was taken by the Plaintiff including time records, requests for leave, and similar documentation.

**RESPONSE: Defendant will produce the documents reflecting FMLA leave taken by plaintiff for the last three years.**

**REQUEST NO. 3:**  Produce each and every document reflecting dates FMLA leave was requested by any employee in the last five (5) years, including time records, requests for leave, and similar documentation.

**RESPONSE: Defendant objects on the grounds that the request is for confidential employee information that is not subject to discovery, and additionally that the request is overly broad and is not reasonably calculated to lead to the discovery of admissible evidence relevant to the two counts remaining in the case.**

**REQUEST NO. 4:**  Produce each and every document that reflecting employee notices of leave furnished to the Plaintiff under the FMLA and copies of all general and specific notices given to the Plaintiff and other employees as required by the FMLA and its regulations.

**RESPONSE: Defendant will produce the FMLA notices provided to its employees.**

**REQUEST NO. 5:**  Produce each and every document describing employee benefits or employer policies and practices regarding the taking of paid and unpaid leaves, including but not limited to any guidelines the University has adopted or that it follows concerning evaluating FMLA leave requests.

**RESPONSE: See response to request no. 4, and defendant will produce any other employee manuals regarding paid and unpaid leave.**

**REQUEST NO. 6:**  Produce each and every document reflecting records of premium payments of Plaintiff's employee benefits.

**RESPONSE: See response to request no. 1.**

**REQUEST NO. 7:**  Produce each and every document reflecting records of any dispute between the employer and an employee regarding designation of leave as FMLA leave, including any written statement from the employer or employee of the reasons for the designation and the disagreement.

**RESPONSE: Defendant objects to the request on the grounds that it is for confidential employee records, and additionally the request is overly broad and is not reasonably calculated to lead to the discovery of admissible evidence relevant to the two remaining counts. To the extent that the documents requested relate to plaintiff and have not been produced in response to request no. 1, defendant will produce the responsive documents.**

**REQUEST NO. 8:**  Produce each and every document reflecting dates leave was taken that did not qualify as FMLA leave by the Plaintiff including time records, requests for leave, and documentation explaining why the leave taken was not FMLA qualifying.

**RESPONSE: See response to request no. 1.**

**REQUEST NO. 9:**  Produce Plaintiff's personnel file including all documents regarding the decision to hire plaintiff.

**RESPONSE: Defendant will produce plaintiff's personnel file.**

**REQUEST NO. 10:**  Produce each and every document not contained in Plaintiff's personnel file that are relevant to his/her employment with Defendant including all periodic reviews of Plaintiff's job performance including all electronically stored information whether in individual computers or remote servers and external drives.

**RESPONSE: Defendant objects to this request on the grounds that it is overly broad, burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence relevant to the two remaining counts in the case. Without waiving the objection, defendant refers to its response to request no. 1 and will produce documents for the last three years that are responsive to the request.**

**REQUEST NO. 11:**  Produce each and every document relevant to the adverse employment action taken against the Plaintiff including, but not limited to, each and every document that shows or refers to any reason why Defendant disciplined and/or counseled Plaintiff.

**RESPONSE: Defendant objects to the request on the grounds that it seeks documents regarding "the adverse employment action", which calls for a legal conclusion. Without waiving the objection, defendant will produce for the last three years any documentation of discipline or counseling of plaintiff, if any exists.**

3

**REQUEST NO. 12:** Produce each and every document that shows or refers to any absence that was at least part of the reason for Defendant's decision to discipline and/or counsel Plaintiff.

**RESPONSE: Defendant will produce documents that are responsive to the request limited to the last three years.**

**REQUEST NO. 13:** Produce each and every document that shows discipline, counseling, adverse employment action, and/or discharge of any other employee of Defendant for absence-related reasons during the previous four years.

**RESPONSE: Defendant objects to the request on the grounds that the request is for confidential employee records, which cannot be produced.**

**REQUEST NO. 14:** Produce each and every document that shows or refers to any policy of Defendant that Plaintiff violated that led, at least in part, to her being disciplined, counseled, and/or adversely affected in her employment.

**RESPONSE: Defendant will produce responsive documents.**

**REQUEST NO. 15:** Produce each and every document that was an employee manual or handbook in force during the preceding five years.

**RESPONSE:  Defendant will produce the responsive documents.**

**REQUEST NO. 16:** Produce each and every document that was a policy manual for supervisors in force during the preceding five years.

**RESPONSE: Defendant will produce responsive documents.**

**REQUEST NO. 17:** Produce each and every document that shows or refers to Defendant's FMLA policies in force at any time during the preceding five years.

**RESPONSE: See response to request no. 15.**

**REQUEST NO. 18:** Produce each and every document that shows or refers to Defendant's attendance policies, in force at any time during the preceding five years.

**RESPONSE: See response to request no. 15.**

**REQUEST NO. 19:** Produce each and every document that constituted attendance and/or payroll records kept for any and all other employees of Defendant's English Department for the preceding five years.

4

**RESPONSE: Defendant objects to the request on the grounds that it requests confidential employee records, which cannot be produced.**

**REQUEST NO. 20:** Produce each and every email whether stored in individual local office computer, hard drive, external drive or remote server that includes Plaintiff's name, country of origin Nigeria, tribe of origin, Igbo or Ibo, and/or is relevant to Plaintiff's employment with Defendant and the employment of other Nigerians at Morgan State University.

**RESPONSE: Defendant objects to the production of documents that are privileged and/or attorney work-product, but will produce non-privileged and non confidential documents responsive to the request for the last three years.**

**REQUEST NO. 21:** Produce each and every document that informed Plaintiff of the hierarchy of her superiors and/or supervisors.

**RESPONSE: See response to request no. 15.**

**REQUEST NO. 22:** Produce each and every document that Defendant intends to use as Exhibits at the trial of this action.

**RESPONSE: Defendant reserves the right to produce the documents it intends to use as exhibits at trial when those documents are identified.**

**REQUEST NO. 22:** Produce each and every document dealing with the promotion of Assistant and Associate Professors in the English Department, Political Science Department and History Department during the past six years including the recommendations of their various Departmental Tenure and Promotion Review Committees and the international reviews of the publications that warranted their promotion and/or tenure, and those promoted following appeals to the University Review Committee.

**RESPONSE: Defendant objects on the grounds that the request is for documents regarding issues that are res judicata.**

**REQUEST NO. 23:** Produce each document to which your answers to interrogatories refer, or on which you relied in preparing the answers to interrogatories.

**RESPONSE: See response to request no. 1 - 22.**

**REQUEST NO. 24:** Produce any and all documents concerning evaluation of the FMLA leave requests of all employees who have made such requests in the last five (5) years.

**RESPONSE: See response to request no. 3.**

5

Respectfully submitted,

DOUGLAS F. GANSLER
Attorney General of Maryland


_____/s/_____
SALLY L. SWANN
Assistant Attorney General
Federal Bar No.: 06731
Educational Affairs Division
200 St. Paul Place, 17th Floor
Baltimore, MD 21202-2021

Counsel for Defendant
 Morgan State University


## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of June, 2010, the defendant's response to plaintiff's request

for production of documents was e-mailed to Valerie Ibe, Esquire, kancvi@aol.com, attorney for

plaintiff.


_____/s/_____
Sally L. Swann

6