# EXHIBIT 3-

# Plaintiff's Counsel's Email Following the Telephone Conference with Defendants' Counsel

Case 1:09-cv-02855-WMN     Document 54-5     Filed 08/13/10     Page 2 of 3

**From:** kancw@aol.com

**To:** sswann@oag.state.md.us

**Subject:** Discovery issues

**Date:** Thu, Jul 15, 2010 5:58 am

---

Ms Swann,

I have tried to work with you on getting the responses to plaintiff's discovery requests which were served almost two months ago. I have accommodated you time and time again, even though you have deliberately thwarted the production of these documents. It has been one delay tactic or the other. **I am expecting to receive the signed interrogatories and the documents for the three defendants on Monday July 19, 2010 or I will have no choice but to file a motion to compel.**

I served you the discovery requests for the three defendants, Morgan State University, Armada Grant and Dolan Hubbard on May 17 and May 19, 2010. The interrogatories and document requests were originally due on June 17 and June 19, respectively. On June 15, 2010 you requested for an extension until July 20, 2010. I granted you an extension until June 29, 2010 with the mutual understanding and promise by you that the requests will be received by Plaintiff's counsel on June 29, 2010.

On June 29th, you emailed unsigned answers to interrogatories for Morgan State University and partial answers to document requests for Morgan State with no attached documents. You also limited your answers to the interrogatories and document requests to 3 years instead of the 5 years that was served by the Plaintiff. You also marked **"will produce"** on some of the answers to plaintiff's document requests with no indication of when they will be produced. You then announced in that same email that you were going on vacation and will be back during the week of July 12. You have had almost two months to respond to these requests, yet you refuse to do so.

Plaintiff's counsel patiently waited for you to come back from vacation and sent you an email on July 11, 2010 for a meet and confer telephone conference about the status of the discovery requests. On July 12, 2010, you responded to this request and we agreed to meet telephonically on July 14, 2010.

Summary of the July 14, meeting

- I urged you to review your answers to Morgan State's interrogatories because some of the answers were unresponsive to the questions asked and were argumentative. You wanted me to go through the 25 questions and tell you the unresponsive and argumentative ones. I gave you an example and told you that if you go through them carefully you will be able to identify the ones I was referring to. You promised you will do that.

- We also talked about the delays in getting the discovery documents. I gave you a new deadline of Monday, July 19, 2010 to produce everything and you said you could not promise that. I insisted that you meet the new deadline.

- We disagreed on the time period for the interrogatories and document requests. You refused to go with the 5 years that was requested by the plaintiff and instead limited it to 3 years claiming Res Judicata even though Res Judicata has no relevance whatsoever in this case.

- You also refused to answer the interrogatories or the documents production for Dolan Hubbard and Armada Grant stating that you were not required to because the suits in their individual capacities were dismissed even though the claims for the acts they committed in their official capacity still remain.

- You also stated that the interrogatories and document requests for the three defendants, Morgan State University, Armada Grant and Dolan Hubbard had the same questions and I told you they were all different questions and that to the extent any question is repeated you can state that it has already being answered. You still refused to answer them.

Case 1:09-cv-02855-WMN    Document 54-5    Filed 08/13/10    Page 3 of 3

- I also referred you to the specific requirements of the Federal Rules of Civil Procedure and the discovery rules in claiming privilege which you did not follow when you responded to plaintiff's document production request. I brought it to your attention that in claiming that a document is **"privileged communication"** you need to follow the specific steps that were outlined by the rules such as indicating the nature of the document, who prepared the document etc. and you promised you will do that.

- You also brought up the cost of the document production which is the first time I have heard this. I told you that the cost falls on the producing party but you disagreed. You said you will research it. I am not sure if this is another delay tactic that is meant to frustrate the plaintiff's discovery efforts. You stated that your duty was to make it available and I responded by saying that was not true. And besides, I was in Maryland for three days for the mediation conference, you saw me and never suggested that I stop by your office and pick up the documents. I told you that you did not expect me to fly to Maryland to pick up the documents when they could just be mailed.

- We also talked about setting the time for depositions. I told you I might be going on vacation during the last weeks of August but was not sure and will get back to you. You said you will fix Dr Mezu's deposition for the 2nd week of August.

August is a very busy month for me and I will have to get back to you on that and besides I need to contact Dr Mezu and determine her availability.

I am still expecting to receive the signed interrogatories and the documents for the three defendants on Monday July 19, 2010.

I am anticipating your continued cooperation in this matter.

C. Valerie Ibe, Esq.,