# EXHIBIT 4-

# Defendants' Counsel's Response Following Plaintiff's Counsel's email



**DOUGLAS F. GANSLER**
*Attorney General*

**KATHERINE WINFREE**
*Chief Deputy Attorney General*

**JOHN B. HOWARD, JR.**
*Deputy Attorney General*

**MICHAEL J. TRAVIESO**
*Chief Counsel for Educational Affairs*

**THOMAS FAULK**
*Deputy Counsel for Advice*

**ANNE L. DONAHUE**
*Deputy Counsel for Litigation*

**STATE OF MARYLAND**
**OFFICE OF THE ATTORNEY GENERAL**
**EDUCATIONAL AFFAIRS DIVISION**

(410) 576-7053
E-mail: sswann@oag.state.md.us

July 15, 2010

**Via first-class mail and e-mail Kancvi@aol.com**
Valerie Ibe, Esquire
23614 Nadir Street
West Hills, CA 91304

RE:    *Rose Ure Mezu v. Morgan State University, et al.*
United States District Court for the District of Maryland
Case No.: WMN09cv2855

Dear Ms. Ibe:

Your e-mail mischaracterizes many of the points we discussed yesterday July 14, 2010 by telephone. The following is my recollection of the conversation.

**Deposition Schedule**

I asked about the availability of Dr. Mezu and her husband during the last three weeks of August. You said you were not available in the last two weeks of August because you were going on vacation. You also said you would have to check with Dr. Mezu as to her availability. Because of the discovery deadline of September 7, I said I would go ahead and send a notice of deposition for the middle of the second week of August (which would be Wednesday, August 18), with the assurance that we would jointly work out a date if that date was not good.

**Discovery of Documents**

1.     You indicated you may have to ask for an extension of the discovery deadline, which I have no objection to, but that you did not really want to because you wanted to keep the case moving. As of June 29 (the date you agreed to), you had Morgan's responses to interrogatories and document request. You are correct that the e-mailed interrogatories were unsigned, and I will send the signature page to you.

2.     The cost for this office to photocopy the documents will be $.25 per page.

200 Saint Paul Place ❖ Baltimore, Maryland 21202-2021
Telephone (410) 576-6450 ❖ Fax (410) 576-6437
D.C. Metro (301) 470-7534 ❖ Telephone for Deaf (410) 576-6372

Valerie Ibe, Esq.
July 15, 2010
Page 2

Please see Local Rule 104. 11. C which states "the amount a party or third-party may charge as a photocopying expense when producing documents in response to a discovery request or subpoena shall not exceed the rate established by the Court for taxation of costs."

**Discovery Disputes**

1.      You contend the two official capacity defendants Grant and Hubbard are required to respond separately to the interrogatories served on them, despite the fact they have been dismissed from the suit. The only entity left is Morgan State University because suits against official capacity defendants are suits against the state entity. So the designation of official capacity for Grant and Hubbard means Morgan State University, which has already responded to the interrogatories and document production requests. I invited you to provide legal authority to support your position that Grant and Hubbard, even though dismissed, have to respond separately from Morgan. I also noted that you would be able to depose Grant and Hubbard.

2.      You said some of the interrogatory responses are unresponsive. In our telephone conversation, I asked you to go through the answers with me so I knew which interrogatories you were referring to. You refused to do that and until you do, I am unable to respond.

3.      We discussed the issue of the time frame relevant to this case. You asked for discovery going back 5 years. Where appropriate, I objected because the FMLA and Title VII retaliation claims occurred in fall 2009. For the most part I agreed to provide information/documents for the past 3 years since Dr. Mezu's claims in the prior case in 2007 are res judicata.

4.      As to the documents that cannot be produced because they are confidential or privileged, I have indicated that the personnel files of other faculty members are confidential and cannot be released. *See* Md. Code Ann. State Government, section 10-616(i), (requests for personnel records must be denied). The purpose of the law is to preserve the privacy of personal information about a public employee that is accumulated during his or her employment." 65 Opinions of the Attorney General 365, 367 (1980), *see also* 68 Opinions of the Attorney General 335, 338 (1983).

5.      I also confirmed with you that if additional information is discovered, Morgan will supplement answers to interrogatories and document requests as required under the rules.

I think the only real dispute is about the discovery propounded on the official capacity

Valerie Ibe, Esq.
July 15, 2010
Page 2

defendants Grant and Hubbard. Again, Morgan's position is that the only remaining defendant is Morgan. If you have legal authority to the contrary, please let me know and we will discuss this further.

Thank you for your cooperation in this matter.

Sincerely,

Sally L. Swann
Assistant Attorney General

Case 1:09-cv-02855-WMN   Document 54-6   Filed 08/13/10   Page 5 of 5

**From:** Swann, Sally <sswann@oag.state.md.us>
**To:** 'kancvi@aol.com' <kancvi@aol.com>
**Subject:** Mezu v. MSU
**Date:** Thu, Jul 15, 2010 3:08 pm

Ms Ibe,

In reference to the discovery dispute concerning defendants Grant and Hubbard and whether they are required to answer the interrogatories and document requests, please note that Judge Nickerson's Order dated March 18, 2010, states the "the remaining claims against the individual defendants are dismissed…" The Memorandum opinion at page 33 also states "the claims against the individual defendants" are dismissed.

I believe the wording of the Order answers the question. Not only are the defendants dismissed in their individual capacities, they are dismissed in their official capacities and are not required to respond to discovery.

If you wish to discuss this further, please call me.

Sally L. Swann, Assistant Attorney General
Office of Attorney General of Maryland
Educational Affairs Division
200 St. Paul Place, 17th Floor
Baltimore, Maryland 21212-2021
Tel: (410) 576-7053
Fax: (410) 576-6437