# EXHIBIT 5-

## Plaintiff's  Counsel's Reply

**Law Offices of C. Valerie Ibe, A Professional Law Corporation**
**C. Valerie Ibe, Esq*, LL.B, MBA, CPA**
**Attorneys at Law**
**23614 Nadir Street**          **Tel: (818) 346-8777**
**West Hills, CA 91304**

*\*admitted in CA & NY*

July 19, 2010

Ms Sally Swann
Office of the Attorney General          Sent by email & first-class mail
Educational Affairs Division
200 St. Paul Place, 17th Floor
Baltimore, Maryland  21202-2021

Ms Swann,

I am writing you in a final attempt to resolve the dispute that has arisen from your unwillingness to provide full and complete discovery, or in fact anything close to full and complete discovery, in this matter.  Thus, I will get directly to the point, and address one last time your various rationale for failing to comply with Dr. Mezu's discovery requests.

- Res Judicata

1.   To begin, one dispute arises from what could be called a category error on your part which appears to have left you confused on the proper scope of discovery, and which probably could be easily resolved once you have recognized your confusion. Dr. Mezu's discovery requests go back five years, but you have refused to produce anything beyond three years.  Your rationale during our telephone conference mentioned "*res judicata*," and your recent letter explained you meant that Dr. Mezu's claims in the "prior case in 2007 are *res judicata*."  Whatever claims were or were not resolved in earlier cases, however, have no relevance to what is discoverable.

2.   *Res judicata* may or may not bar certain claims, but it does not and cannot limit discovery into the history of events that underlie the very active claims of retaliation in this case.  As the judge already has acknowledged in a written opinion in this case,

1

there is a ten year history of difficulties and discrimination here, and that history is both relevant and discoverable, and indeed probably admissible, in litigating the current claims, including retaliation.

3.   Motive is always relevant, and history determines motive. Thus, your category error is thinking that if certain legal claims are barred, then facts that might have been relevant to those claims are not discoverable; but as you can see, those facts are also relevant to different claims that are very much active and alive. Given the ten year history that the judge acknowledged, all of which is relevant to the living claims, Dr. Mezu's requests were quite reasonable in only going back five of those years.

- Privilege

1.   You have also refused to answer and produce certain documents claiming they are confidential and privileged information and therefore not subject to discovery. The information we seek are relevant to the subject matter in these actions. I have written, discussed and asked you several times over the past couple of weeks to please provide a privilege log to accurately determine if the documents/communications are protected from disclosure.

2.   In response, you gave me a Maryland law that denies any requests for personnel records of public employees. Dr Mezu's requests that you denied were not all for personnel records of public employees. In as much as this law exists, it should not supersede the requirements of a federal discovery.

3.   The case of *U.S. v. Construction Products Research, Inc.* 73 F.3d 464, 473 (1996) talks about the privilege log,

"The privilege log should: identify each document and the individuals who were parties to the communications, providing sufficient detail to permit a judgment as to whether the document is at least potentially protected from disclosure....."

The other requirements are:

1. The nature of the document.e.g. letter, hand-written notes

2. The author (s) of the document and author(s) position(attorney, president, etc.)

3.The date the document was created e.g. 12/31/2005

4. The names of the individuals to whom the document was addressed and their positions.

5. The names of the individuals who actually received the document and their position.

6. The name of the individual(s) who have possession of the document.

7. The privilege under which the document is withheld.

Furthermore, in a Title VII case the scope of discovery is broad, more especially in this case, where motive or intent is at issue, information concerning the employer's conduct towards other employees other than the plaintiff is relevant.

- Document Production Cost

1. *Zubulake v. UBS Warburg, LLC*, 217 F.R.D. 309, 317-318 (S.D. N.Y. 2003) which was adopted in the Maryland case *Thompson v. U.S. Dept. of Housing and Urban Development*,  219. F.R.D. 93, 98, (D.Md. 2003) opposes cost shifting from the producing party to the receiving party whether it be for discoverable electronic messages or traditional paper evidence. The Supreme Court has also instructed that 'the presumption is that the responding party must bear the expense of complying with discovery requests…..' *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 358, 98 S. Ct. 2380 (1978).

2. If you will not accept this as reason for you to bear the cost of producing the documents, rather than going back and forth, the plaintiff will accept the .25cents per page as you stated in your earlier email. The schedule of fees for the local rules also lists copy fees for electronic documents at .10cents a page which is less than the .25cents you stated.

- Interrogatories and Document requests for Dolan Hubbard and Armada Grant. I do not agree with your position. There is an active suit for acts they did in their official capacity and so should respond to those discovery requests. You can also provide me with authority that supports your position.

3

I hope the plaintiff can finally count on receiving the discovery requests within the next four days.

I look forward to your continued cooperation in this matter.

/S/ C. Valerie Ibe, Esq.
Law Offices of C. Valerie Ibe,

A  Professional L aw Corporation

23614 Nadir Street

West Hills, CA 91304
Telephone: 818-346-8777
Email:Kancvi@aol.com,
Bar ID: 94234
Counsel for Plaintiff, Rose Ure Mezu

4

**Law Offices of C. Valerie Ibe, A Professional Law Corporation**
**C. Valerie Ibe, Esq*, LL.B, MBA, CPA**
**Attorneys at Law**
**23614 Nadir Street**            **Tel: (818) 346-8777**
**West Hills, CA 91304**

*admitted in CA & NY*

July 19, 2010

Ms Sally Swann
Office of the Attorney General
Educational Affairs Division
200 St. Paul Place, 17th Floor
Baltimore, Maryland  21202-2021            Sent by email & mail

Ms Swann,

Please be advised that we have reviewed your discovery responses and have
found various deficiencies. In addition to specifying the deficient ones in this letter, I am
attaching your original answers to Morgan State's interrogatories and document requests
and have highlighted the deficient areas. In accordance with Local Rule 104, I would
request that you amend your responses to the following:

**<u>Interrogatories</u>**

You state in paragraph 3 of "General Objections" that "Much of the information sought
can be found in documents produced to Plaintiff simultaneously with these Answers". To
date no documents have been received from you; please make every effort to answer the
deficient interrogatories.

<u>Interrogatory No.1</u> :  You have refused to respond to whether Morgan State employed 50
or more employees at 1700 Cold Spring Lane, Baltimore, Maryland 21251 for 20 or more
calendar workweeks during the calendar year in which the plaintiff suffered the adverse
hostile actions at issue and whether you did so during the preceding year.
This is clearly relevant to establish the applicability of the FMLA to Morgan State
University.

<u>Interrogatory No. 3</u>: You did not indicate what part of your answers to interrogatory #3
was in response to the stated question. Please answer all the questions.

<u>Interrogatory No. 4</u>: You did not indicate the amount of the plaintiff's leave bank that
was available to her prior to each leave e.g. 80 hours etc

<u>Interrogatory No.5</u>: You did not answer whether plaintiff's each leave request was denied
or granted.

1

Interrogatory No.6: You did not list the partial and full days that were missed by the plaintiff.

Interrogatory No. 7: Please indicate whether plaintiff's sick-bereavement leave was approved or not and the individuals who participated in the decision.

Interrogatory No. 8: Please answer the section about Dr Hubbard.
Please state the names, titles, position of the individuals who participated in the decision to deny the plaintiff's FMLA request for the period August 31, 2009 to October 2, 2009.

Interrogatory No. 11: Please answer the last part of this interrogatory.

Interrogatory No. 12 : Please answer the first part of interrogatory 12.

Interrogatory No. 13:   Please state the time period the handbook, policy has been in existence and when information about an employee's entitlements and obligations under the FMLA was included in the above mentioned documents.

Interrogatory No. 15:  Please respond. These claims have never been litigated in the federal courts and there is no res judicata. The evidence is relevant to prove plaintiff's remaining claims of FMLA retaliation, interference and Title VII retaliation.

Interrogatory No. 16: Please answer. This evidence is relevant to prove plaintiff's remaining claims of FMLA retaliation, interference and Title VII retaliation and to show Morgan State's intent, motive. Please bear in mind that the plaintiff's claims are not only FMLA interference and retaliation but Title VII retaliation.

Interrogatory No. 17: Please answer if that position differed in anyway from the plaintiff's previous position, please set forth how it differed; all reasons for the change in position; and all individuals who participated in the decision to assign plaintiff to a different position.

Interrogatory Nos. 18, 19 & 25: Please answer the questions.  Counsel seems to have forgotten that plaintiff also has a Title VII retaliation claim as well as FMLA retaliation and interference. The evidence is relevant to prove plaintiff's claims in the above counts and to show Morgan State University's motive, intent and may be relevant to show pretext.

Interrogatory No. 21: Please state a brief summary of their expected testimony.

**Document Production**

Document Production Request No. 3: You have refused to produce documents reflecting dates FMLA leave was requested by any employee in the last five (5) years, including time records, requests for leave, and similar documentation.

This is clearly relevant to the Morgan State's intent and motive in Plaintiff's FMLA retaliation and interference claims and may be relevant to pretext. We have no objection to having these documents being covered by an appropriate Protective Order.

Document Production Request No. 7: **:** You have refused to produce each and every document reflecting records of any dispute between the employer and an employee regarding designation of leave as FMLA leave, including any written statement from the employer or employee of the reasons for the designation and the disagreement. This is clearly relevant to the Morgan State's intent and motive in Plaintiff's FMLA retaliation and interference claims and may be relevant to pretext. We are willing to agree to an appropriate protective order.

Document Production Request No. 13: Documents showing discipline, counseling, adverse employment action, and/or discharge of any other employee of Defendant for absence-related reasons during the previous four years are clearly relevant to the Morgan State's intent and Motive in Plaintiff's FMLA retaliation and interference claims, Title VII retaliation and may be relevant to pretext. We are willing to agree to an appropriate protective order.

Document Production Request No. 19: Attendance and/or payroll records kept for any and all other employees of Defendant's English Department for the preceding five years are relevant to plaintiff's Title VII retaliation and FMLA retaliation & interference. We have no objection to having these documents being covered by an appropriate Protective Order.
Document Production Request No. 20: You have refused to produce each and every email whether stored in individual local office computer, hard drive, external drive or remote server that includes Plaintiff's name, country of origin Nigeria, tribe of origin, Igbo or Ibo, and/or is relevant to Plaintiff's employment with Defendant and the employment of other Nigerians at Morgan State University
This is clearly relevant to the Morgan State's intent and Motive in Plaintiff's FMLA retaliation and interference claims, Title VII retaliation and may be relevant to pretext. Plaintiff is also a Nigerian of Ibo origin. We are willing to agree to an appropriate protective order.

Document Production Request No.22: You have also refused to produce each and every document dealing with the promotion of Assistant and Associate Professors in the English Department, Political Science Department and History Department during the past six years including the recommendations of their various Departmental Tenure and Promotion Review Committees and the international reviews of the publications that warranted their promotion and/or tenure, and those promoted following appeals to the University Review Committee.
This is clearly relevant to the Morgan State's intent and Motive in Plaintiff's FMLA retaliation and interference claims and Title VII retaliation claims and may be relevant to pretext. Please note that these issues have never been litigated on their merits and are not res judicata as stated by Judge Nickerson in his Memorandum opinion.

<u>Document Production Request No. 24</u>: Documents concerning evaluation of the FMLA leave requests of all employees who have made such requests in the last five (5) years is is clearly relevant to the Morgan State's intent and Motive in Plaintiff's FMLA retaliation and interference claims and may be relevant to pretext. It may be relevant to show that the policy may not have been applied even-handedly. We have no objection to having these documents being covered by an appropriate Protective Order.

Kindly produce this information within the next four days.


<u>/S/ C. Valerie Ibe, Esq.</u>
Law Offices of C. Valerie Ibe,

A  Professional L aw Corporation

23614 Nadir Street

West Hills, CA 91304
Telephone: 818-346-8777
Email:Kancvi@aol.com,
Bar ID: 94234
Counsel for Plaintiff, Rose Ure Mezu

4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **ROSE URE MEZU** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civil Action No. WMN-09-2855** |
| **MORGAN STATE UNIVERSITY, et al.,** | * | |
| **Defendants.** | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

### DEFENDANT MORGAN STATE UNIVERSITY'S
### ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant Morgan State University, by its attorneys, Douglas F. Gansler,

Attorney General of Maryland, and Sally L. Swann, Assistant Attorney General, hereby

answers Plaintiff's First Set of Interrogatories as follows:

A.  The information supplied in these answers is not based solely on the knowledge of the executing party but includes the knowledge of the party's agents, representatives and attorneys, unless privileged.

B.  The word usage and sentence structure may be that of the attorney assisting in the preparation of these responses and thus does not necessarily purport to be the precise language of the executing party.

### General Objections

1.     Defendant objects to the extent that the information sought is within the knowledge of the plaintiff.  Notwithstanding such objection, defendant has made a good faith attempt to answer such interrogatories.

2.     Defendant objects to the extent that the interrogatories seek information beyond the scope permitted by the Federal Rules of Civil Procedure or require the disclosure of information protected by the attorney client or attorney work product privileges.  Defendant also objects to providing "each and every" and "all" items of information because it is burdensome and impossible to do so.  Without  waiving such

objection, defendant has, where appropriate, made a good faith attempt to answer such interrogatories.

3.      Much of the information sought can be found in documents produced to Plaintiff simultaneously with these Answers.

**INTERROGATORY NO. 1:**  Please identify any persons by name, address, and University position who answered or assisted in answering these Interrogatories and for each person identify which particular interrogatory request(s) that person participated in. (Do not identify anyone who simply typed or reproduced the responses.)

**RESPONSE:** Armada Grant, MSU, 1700 E. Cold Spring Lane, Baltimore

Maryland 21251, Director of Human Resources; Dr. Dolan Hubbard, Chairperson,

English Department, MSU.

**INTERROGATORY NO. 2:**  Please state whether you employed 50 or more employees at your facility located at 1700 Cold Spring Lane, Baltimore, Maryland 21251 for 20 or more calendar workweeks during the calendar year in which the plaintiff suffered the adverse hostile actions at issue (viz hostile actions cognizable under Title VII, including retaliation, FMLA Interference, FMLA Retaliation) and whether you did so during the preceding calendar year.

**RESPONSE:**  Defendant objects to the interrogatory as worded because plaintiff

asks for legal conclusions. Without waiving the objection, defendant states it is a public

institution of higher education located at 1700 Cold Spring Lane, Baltimore, MD 21251 and

is subject to Title VII and the FMLA.

Plaintiff's request

Without waiving your objection, please state whether Morgan State employed 50

or more employees at 1700 Cold Spring Lane, Baltimore, Maryland 21251 for 20 or more

calendar workweeks during the calendar year in which the plaintiff suffered the adverse

hostile actions at issue and whether you did so during the preceding year.

**INTERROGATORY NO. 3:** Please set forth the Plaintiff's hire date; positions with the Defendant; pay rate and/or salary in each position; time in each position; reasons for changes in positions throughout Plaintiff's employment; and supervisor's in each position. Please set forth also the corresponding pay rate and/or salary of similarly placed non Nigerian Faculty members of equal rank during the same time and the reason for the differences if any.

<u>**RESPONSE:**</u>  Defendant objects to the interrogatory because it is overly broad and requests information beyond the scope of the two counts remaining in the case and is not reasonably calculated to lead to the discovery of admissible evidence relevant to the two remaining counts in the case . Moreover, the request contains more than one request. Without waiving the objection, defendant states the following information concerning plaintiff's salary:

> Associate Professor, 8/17/05, salary $60,389
>
> Associate Professor, 8/16/06, salary $63,445
>
> Associate Professor, 8/15/07, salary $66,008
>
> Associate Professor, 8/13/08, salary $68,203
>
> Associate Professor, 8/12/09, salary $68,203

Plaintiff's request

Indicate what part of the interrogatory # 3 is in response to the answer below. Please answer all questions.

Dr. Mary Janet Bury, Acting Chairperson and Assistant Professor—July 1, 1996-June 30, 1998.

Dr. Dolan Hubbard began as Chairperson of the English Department July 1, 1998 and continues in that position.

**INTERROGATORY NO. 4:** Please set forth all leave taken by the Plaintiff during the time period in question, September 2005 to February 2010; the type of leave taken; the start and end dates for each leave period; whether consideration was given at the time as to whether the leave was FMLA qualifying; whether the leave was designated as FMLA qualifying leave; whether the leave was designated as non-qualifying FMLA leave; and for each such FMLA designation who participated in that designation decision. Indicate also the leave bank accumulated by the Plaintiff at the onset of each type of leave requested.

**RESPONSE:** Defendant objects to the interrogatory on the grounds that it is overly broad. Without waiving the objection, defendant responds to that part of the request concerning the leave periods in November 2008 and 2009.

Plaintiff received paid FMLA leave from March 10, 2008 to March 21, 2008.

Plaintiff requested FMLA leave for burial of parent for November 25, 2008 to December 7, 2008. Leave request was denied because FMLA leave does not apply to burial of parent, but plaintiff was allowed to take paid bereavement leave.

Plaintiff requested sick leave on August 13, 2009. She was granted sick leave for the period August 13 - August 20, 2009.

Plaintiff requested FMLA leave on August 31, 2009. She was continued on paid sick leave until November 13, 2009. Plaintiff was retroactively awarded paid sick leave for the three week period of November 13, 2009 through December 3, 2009.

For each of the leave periods, plaintiff was on paid leave because she had sufficient sick leave available to be paid.

Plaintiff's request – Please indicate the amount of plaintiff's leave bank that was available prior to each leave.e.g. 80 hours etc. Sufficient does not tell us anything.

The Assistant Director of Human Resources and/or the Director of Human Resources determine eligibility for FMLA leave.

**INTERROGATORY NO. 5:** Please set forth all leave requested by the Plaintiff during the time period in question September 2005 to February 2010; the type of leave requested and the reasons provided for the leave by Plaintiff; to whom and how the leave was requested; the proposed start and end dates for each requested leave period; whether the leave was granted or denied; whether the leave was paid or unpaid; and who participated in that decision and for each such period what bank leave was available to the Plaintiff.

Plaintiff's request – please indicate whether each leave was granted or denied.

**RESPONSE:** Defendant objects to the interrogatory on the grounds that it is overly broad. Without waiving the objection, defendant refers to response to interrogatory no. 4.

**INTERROGATORY NO. 6:** Please set forth all days and partial days missed by the plaintiff for the time period in question September 2005 and February 2010 and for each absence, set forth the employer's designation for the type of absence that occurred.

Plaintiff's request – please list all days and partial days missed by the plaintiff for the period covered above and the employer's designation for each type of absence .

**RESPONSE:** Defendant objects to the interrogatory on the grounds that it is overly broad. Without waiving the objection, defendant responds to that part of the request concerning the leave periods in November 2008 and 2009 which is provided in response to interrogatory no. 4.  Plaintiff designates her sick leave which is approved by the Chairperson of the English Department.

**INTERROGATORY NO. 7:** Please set forth all reasons Morgan State University, the employer had for giving the Plaintiff FMLA Request forms which she filled out on November 18, 2008 when the Plaintiff clearly stated that she needed leave to go to Nigeria to bury her mother.  Please set forth all reasons why on November 25, 2008 (after the Plaintiff had left for Nigeria) the Human Resources Director denied the Plaintiff's request for FMLA leave and asked her to apply for "sick-bereavement" leave.  Please indicate also whether her application for "sick-bereavement" leave has been to date approved or denied. Please indicate who participated in that decision, their reasons at the time for taking the adverse employment action against the plaintiff.  Please set forth all individuals (by name, position held at the time, and current position, if different) that participated in the decision making process to take the adverse employment action against the plaintiff.

Plaintiff's request – Please answer the highlighted questions above.

**RESPONSE:** Defendant objects to the interrogatory as worded on the grounds that it asks for legal conclusions. Without waiving the objection, defendant responds that on November 19, 2008, plaintiff came to the Office of Human Resources to request a FMLA packet from Barbara Watkins who understood the plaintiff to say she (plaintiff) was ill.  On November 20, 2008, plaintiff returned to the Office of Human Resources accompanied by a man, and requested another FMLA information packet. Plaintiff indicated she was going home to bury her mother, but did not indicate the FMLA form was for that reason.  Human Resources as part of its normal business practice will

providing the FMLA forms to any employee who asks for the form.  Plaintiff received

paid bereavement leave for attendance at her mother's funeral.

**INTERROGATORY NO. 8:** Is it a fact that the Plaintiff applied, on August 13, 2009, applied for leave under the Family and Medical Leave to care for her daughter for the period August 31, 2009 until October 2, 2009 and further notified in writing and in person Dr. Dolan Hubbard the Chairperson of her Department.  Is it a fact also that it was only on September 18, 2009, more than five weeks after Dr. Mezu applied for leave that Morgan State replied that "your request for leave under the Family and Medical Leave Act for the period August 31, 2009 until October 2, 2009 is denied." Please indicate who participated in that decision, their reasons at the time for taking the adverse employment action against the plaintiff. Please set forth all individuals (by name, position held at the time, and current position, if different) that participated in the decision making process to take the adverse employment action against the plaintiff.

Plaintiff's request – Please answer the highlighted questions above.

**RESPONSE:** Defendant objects to the interrogatory on the grounds that plaintiff

asks for legal conclusions, and the interrogatory contains more than one request. Without

waiving the objection, defendant responds that plaintiff requested and received paid sick

leave for the time period August 13, 2009 - August    2009. Plaintiff then requested

FMLA leave for the period August 31, 2009 until October 2, 2009. The Director of

Human Resources is the final authority for the FMLA leave decisions.

**INTERROGATORY NO. 9:** Is it a fact that Dr. Mezu forwarded to Morgan State University on September 25, 2009, further explanations about her daughter's aneurysm from her daughter's physician, Dr. Huang.  Is it a fact that Dr. Mezu filled out a request for FMLA leave, dated October 6, 2009, seeking further leave until December 4, 2009, because her daughter's physician had extended the period required for her recuperation until another review around December 4, 2009.  Is it a fact that Morgan State University did not respond to this renewed FMLA leave application until more than a month later on November 13, 2009, when they wrote: **"You have been placed on a leave without pay status effective immediately. Please be mindful that with appropriate authorization, retroactive reimbursement of previously paid salaries may be required."**  Please

indicate who participated in that decision, their reasons at the time for taking the adverse employment action against the plaintiff.  Please set forth all individuals (by name, position held at the time, and current position, if different) that participated in the decision making process to take the adverse employment action against the plaintiff.

**RESPONSE:** Defendant objects to the interrogatory on the grounds that the wording is confusing and misleading, and the interrogatory makes more than one request. Without waiving the objection, defendants responds that the Director of Human Resources received a letter dated September 22, 2009 within which was a sealed envelope with the words "Operative Report: strictly confidential and not for circulation to anyone. FOR ARMADA GRANT ONLY". Because the Director of Human Resources needed documentation from the attending physician, not from the employee, the sealed envelope was returned unopened.

Defendant also responds that plaintiff submitted a second request for leave on October 6, 2009 to extend FMLA leave until December 4, 2009, but was notified on November 13, 2009 that her request for FMLA leave was not approved because of lack of sufficient documentation.

**INTERROGATORY NO. 10:**  If you maintain that plaintiff was not an eligible employee under the FMLA, please set forth all reasons that support your contention to that effect. If you maintain that plaintiff or an immediate member of her family did not suffer from an FMLA qualifying serious health condition or did not otherwise qualify for FMLA leave, during the period August 31, 2009 through December 4, 2009, please set forth all reasons that support your contention to that effect.

**RESPONSE:**  Plaintiff sought FMLA leave to care for her adult daughter. To make a determination that plaintiff was eligible for FMLA leave, her daughter's physician needed to provide medical documentation to support the need of the plaintiff to provide care, the

nature of the care and the duration of the care. The necessary documentation was not

provided.

**INTERROGATORY NO. 11:** Is it a fact that Morgan State University subsequently stopped the payment of Dr. Mezu's salary with effect from November 13, 2009 and failed and/or neglected to reinstate her on the payroll even after she returned to work, as scheduled, on December 4, 2009. Is it a fact that despite returning to work, Dr. Mezu did not receive any salary or benefits from the University until January 20, 2010.  Please set forth all individuals (by name, position held at the time, and current position, if different) that participated in the decision making process to take the adverse employment action against the plaintiff.

Plaintiff's request – Please answer the highlighted questions above.

**RESPONSE:** Defendant objects to the interrogatory on the grounds that it contains

more than one request. Without waiving the objection, defendant responds that plaintiff's

salary was stopped, by mistake, for the period November 13, 2009 until December 4, 2009.

Because defendant did not know that plaintiff had been unpaid from November 13 until

December 4, the necessary paperwork to reactivate her salary payment was not made on

December 4, 2009. Plaintiff was placed on regular pay status as soon as defendant learned of

the mistake.

**INTERROGATORY NO. 12:** Is it a fact that Armada Grant is aware that Dr. Mezu is a black woman of Nigeria of Igbo ethnic origin?  Is it a fact that Armada Grant is aware that Dr. Mezu sued the University in her First Action docketed as Civil Action Number 02-CV-03713-JFM alleging harassment, wage discrimination against the university?  Is it a fact that Armada Grant is aware of the Second Lawsuit on July 18, 2008 docketed as Civil Action No.: 08-C-1867-WDQ accusing the University of retaliation, failure to promote, equal pay violations, harassment and adverse employment actions for exercising protected rights and additionally FMLA  interference and Retaliation.

Plaintiff's request – Please answer the highlighted questions above.

**RESPONSE:** Defendant objects to the interrogatory on the grounds that it is improperly worded and contains more than one request. Without waiving the objection, defendant responds that Armada Grant (who is no longer a defendant in this case) was named as a defendant in the cases cited in the interrogatory.

**INTERROGATORY NO. 13:** Please indicate whether you have a written employee policy, employee manual, and/or an employee handbook and, if so, state the time period that that handbook has been in existence.  If you have written policies, employee manuals, and/or an employee handbook, please indicate at what point you included information on an employee's entitlements and obligation under the FMLA in the above mentioned documents.

Plaintiff's request – Please answer the highlighted questions above.

**RESPONSE:** Defendant objects on the grounds that the interrogatory contains more than one request. Without waiving the objection, defendant responds that the University has written policies and manuals regarding leave for employees, which include information about the FMLA. Policies change and/or are amended from time to time.

**INTERROGATORY NO. 14:** Do you agree that it is the stated policy of Morgan State University that "*all employees and students should be able to enjoy and work in an educational environment free from discrimination. Discrimination against any person or group of persons on the basis of race, color, national origin, religion, sex, sexual orientation, age, marital status or disability is prohibited by this Policy. Any employee, student, student organization, or person privileged to work or study at Morgan State University who violates this policy will be subject to disciplinary action up to and including permanent exclusion from the University.*

*Discrimination includes conduct (oral, written, graphic, or physical) directed against any person or group of persons because of race, color, national origin, religion, sex, sexual orientation, age, marital status or disability and that has the purpose or reasonably foreseeable effect of creating an offensive, demeaning, intimidating, or hostile environment for that person or group of persons …..*

*Persons who feel they are victims of discrimination or who observe incidents of*

*discrimination should immediately make a detailed written record of incidents, dates, and times at which they occurred, and of the names of perpetrators and witnesses, if known.*

*The incident should be reported to the Office of Diversity and Equal Opportunity (EEO) or the Office of Human Resources. The EEO Officer or the Office of Human Resources will, after a prompt investigation, in accordance with accepted due process procedures, take measures appropriate to the nature of the incident. These measures will be designed to accomplish the following:*

> 1. *Determine whether discrimination has occurred;*
>
> 2. *Prevent further acts of discrimination;*
>
> 3. *Restore to persons found to be discriminated against any losses suffered as a result of the discriminatory conduct;*
>
> 4. *Remove any material that violates this policy and/or repair any resulting damages; and*
>
> 5. *Prevent acts of retaliation against persons bringing the complaint.*

*If it is determined that discrimination has occurred, sanctions will be devised in accordance with the seriousness of the behavior. Sanctions may range from admonishment to, in extreme cases, dismissal.*

*The President shall establish rules and procedures that govern the investigation and adjudication of complaints filed under this policy."*

http://www.morgan.edu/Administration/Academic_Affairs/Office_of_Diversity_and_Equal_Employment_Opportunity/Nondiscrimination_Policy.html

**RESPONSE:** Defendants object to the interrogatory on the grounds that there is nothing to respond to. The University has had and continues to have a nondiscrimination policy which is stated above.

**INTERROGATORY NO. 15:** Please set forth all notices (written and verbal) that the Plaintiff provided the Human Resources Department and the employer of alleged incidences of discrimination conduct (oral, written, graphic, or physical) directed against the Plaintiff because of race, color, national origin, religion, sex, sexual orientation, age, marital status or disability and that had the purpose or reasonably foreseeable effect of creating an offensive, demeaning, intimidating, or hostile environment for that person or group of

12

persons. For each such notice please indicate the date the employer received notice; who received the notice on behalf of the employer; the nature of the complaint.  State also whether the University addressed the issue, investigated the complaint of discrimination in accordance with laid down policy, the start date of the investigation, the end date of the investigation.   Please set forth all individuals (by name, position held at the time, and current position, if different) that participated in the investigation.

Plaintiff's request – Please answer the questions above. These claims have never been litigated in the federal courts and there is no res judicata. The evidence is relevant to prove plaintiff's remaining claims of FMLA retaliation, interference and Title VII retaliation.

**RESPONSE:** Defendant objects to the interrogatory on the grounds that it is overly broad, requests information not reasonably calculated to lead to the discovery of admissible evidence relating to the two remaining counts in this case, and concerns claims that have been litigated in the federal courts and are res judicata. **INTERROGATORY NO. 16:** Further to Interrogatory 16, **if you maintain that the Plaintiff was never discriminated against,  please list the recommendations by the individuals and the minutes of the meeting where the decision was taken; who or what committee investigated the incidents to (1) determine whether discrimination has occurred; (2) how to prevent further acts of discrimination; (3) how to restore to the Plaintiff (if found to have been discriminated against) any losses suffered as a result of the discriminatory conduct; (4) remove any material that violates this policy and/or repair any resulting damages; and (5) Prevent acts of retaliation against the Plaintiff for bringing the complaint.**

Plaintiff's request – Please answer the questions above. The evidence is relevant to prove plaintiff's remaining claims of FMLA retaliation, interference and Title VII retaliation and to show Morgan State's intent, motive. Please bear in mind that the plaintiff's claims are not only FMLA interference and retaliation but Title VII retaliation.

**RESPONSE:** Defendant objects on the grounds that the interrogatory is overly broad,

confusing and not reasonably calculated to lead to the discovery of admissible evidence

related to the two remaining counts in the case. The request also improperly asks

13

defendant to speculate "if defendant has been found to have discriminated." Without

waiving the objection, defendant responds that the denial of FMLA leave was based on

insufficient documentation from plaintiff, and that plaintiff has not been retaliated

against.

**INTERROGATORY NO. 17:**  Please set forth the job position and courses graduate and undergraduate that plaintiff was assigned upon her return from any FMLA leave.  If that position differed in anyway from the plaintiff's previous position, please set forth how it differed; all reasons for the change in position; and all individuals who participated in the decision to assign plaintiff to a different position.

**RESPONSE:** The following is plaintiff's course schedule.

| 2010 SPRING SEMEMSTER | | | |
|---|---|---|---|
| **COURSE** | **SECTION** | **LOCATION** | **TIME** |
| ENGL | 102.028 | NEW COMM CENTER 117 | MWF 11:00-11:50 |
| HUMA | 201 | HOLMES HALL 114 | MWF 1:00-1:50 |
| HUMA | 201.006 | HOLMES HALL 114 | MWF  2:00-2:50 |
| ENGL | 102.035 | HOLMES HALL 114 | MWF  4:00-4:4:50 |
| | | | |
| ENGL (Re-assigned) | 852.085 | HOLMES HALL 109 | W  4:30-7:15 |
| POSTCOLONIAL LITERTURE | | | |
| 2010 FALL SEMEMSTER | | | |
| **COURSE** | **SECTION** | **LOCATION** | **TIME** |
| HUMA | 201.005 | HOLMES HALL 114 | MWF 12:00-12:50 |
| ENGL AFRICAN LIT | 341.001 | HOLMES HALL 103 | MWF  1:00-1:50 |
| HUMA | 201.008 | HOLMES HALL 114 | MWF  3:00-3:50 |
| ENGL   WOMANISM AND FEMINISM | 855.085 | NCC 207 | W  4:30-7:15 |

Plaintiff's request – Please answer the highlighted questions above.

14

Because the Chairperson of the English Department had not received any information from

plaintiff about the timing of her return to work, he had to reassign the graduate course for

the Spring semester to another faculty member to assure that the course would be available

for graduate students.

**INTERROGATORY NO. 18:** Please provide reasons for and the circumstances surrounding the sack, retirement and/or resignation of the following Nigerian and African Professors from the following Departments of Morgan State University: Professor Sunday Anozie (English), Professor Patrick Bassey Williams (Public Health), Professor Sydney Onyeberechi (English), Professor Isidore Obot (Public Health), Professor Joel O. Nwagbaraocha, Prof. Charles Owusu Kwarteng (Political Science), the sack and reinstatement of Mr. Gabriel Tenabe (Office of Museums).

Plaintiff's request – Please answer interrogatory 18. Counsel seems to have forgotten that plaintiff also has a Title VII retaliation claim as well as FMLA retaliation and interference. The evidence is relevant to prove plaintiff's claims in the above counts and to show Morgan State University's motive, intent and may be relevant to show pretext.

**RESPONSE:** Defendant objects to the interrogatory on the grounds that it is overly broad

and is not reasonably calculated to lead to the discovery of admissible evidence related to

the two remaining counts in this case.

**INTERROGATORY NO. 19:** How many African Professors at Morgan State University have filed lawsuits based on claims of (1) violations of Maryland's national origin, gender and wage discrimination laws; (2) violations of the federal Equal Pay Act; (3) hostile workplace under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17 (2000);1 (4) due process violations; (5) equal protection violations; (6) First Amendment violations; and, (7) invasion of privacy? How many like Dr. Charles Owusu Kwarteng were fired following the exercise of their protected rights (Karteng v Morgan State University **[CA-03-515-1-WMN]**? How many did Morgan State University "in error" remove their names from the payroll as in the case of Dr. Rose Mezu [**Civil Action No. WMN-09-2855].**

15

Plaintiff's request – Please answer interrogatory 19. Counsel seems to have forgotten that plaintiff also has a Title VII retaliation claim as well as FMLA retaliation and interference. The evidence is relevant to prove plaintiff's claims in the above counts and to show Morgan State University's motive, intent and may be relevant to show pretext.

**RESPONSE:** Defendant objects to the interrogatory on the grounds that it is overly broad and is not reasonably calculated to lead to the discovery of admissible evidence related to the two counts remaining in the case.

**INTERROGATORY NO. 20:** Identify any and all persons whom Defendant may call as witnesses at the trial of this action. For each person please set forth their contact information and a brief summary of their expected trial testimony.

Plaintiff's request – Please answer the highlighted area above.

**RESPONSE:** Armada Grant, HR Director, MSU, Dolan Hubbard, Chairperson, MSU Department of English. Defendant reserves the right to name other witnesses as discovery progresses.

**INTERROGATORY NO. 21:** Identify any and all documents that Defendant intends to use as Exhibits at the trial of this action.

**RESPONSE:** Defendant reserves the right to supplement this response as discovery progresses. As of this date, defendant anticipates offering as evidence the HR file concerning the plaintiff's request for FMLA/sick leave, salary information, benefits information; the English department records regarding scheduling of courses for Spring 2010.

16

**INTERROGATORY NO. 22:** Identify any and all persons whom Defendant may call as an expert witness(es) at the trial of this action.  For each person please set forth their contact information, their qualifications, and a brief summary of their expected trial testimony.

**RESPONSE:** Defendant reserves the right to name its expert witness after receipt of the name of plaintiff's expert witness, which defendant has not yet received.

**INTERROGATORY NO. 23:** Does the University have an insurance policy covering the University against the negligent, wanton, or willful acts of its employees that might result in an injury tort action against the University? If so, please list details on the extent of the coverage.

**RESPONSE:** Defendant is an entity of the State of Maryland, which is self-insured.

**INTERROGATORY NO. 24:** Does the University have a contract with any agency or other company in which that service agrees to defend, indemnify, or insure against any portion of injury lawsuits filed against the University?  If so, please identify that service and list relevant portions of that contract.

**RESPONSE:** See response to interrogatory no. 23.

**INTERROGATORY NO. 25:** Please provide details about any lawsuits by Faculty member and/or staff against the University in the past five (5) years. Only include lawsuits in which the individual or group complained about promotion, retaliation, EPA, discrimination and FMLA issues. Please include the court, the case title, the case number, the type of complaint, the nationality and sex of the individual (African [specify the country], American, European, Asiatic), if known, and whether the complainant recovered or not and those who were fired or demoted for any reason after the complaint.

Plaintiff's request – Please answer interrogatory 25. Counsel seems to have forgotten that plaintiff also has a Title VII retaliation claim as well as FMLA retaliation and interference. The evidence is relevant to prove plaintiff's claims in the above counts.

17

**RESPONSE:** Defendant objects to the interrogatory as overly broad and it is not reasonably calculated to lead to the discovery of admissible evidence related to the two remaining counts in the case.

Respectfully submitted,

DOUGLAS F. GANSLER
Attorney General of Maryland

_____/s/_____
____
SALLY L. SWANN
Assistant Attorney General
Federal Bar No.: 06731
Educational Affairs Division
200 St. Paul Place, 17th Floor
Baltimore, MD 21202-2021
sswann@oag.state.md.us

Counsel for Defendant
Morgan State University

Signed by: _____
_____
Armada Grant, Director of Human Resources, MSU

CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of June, 2010, the defendant's response to interrogatories was e-mailed to Valerie Ibe, Esquire, kancvi@aol.com , attorney for plaintiff.

18

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

ROSE URE MEZU              *

       **Plaintiff,**           *

    **v.**                   *        **Civil Action No. WMN-09-2855**

MORGAN STATE UNIVERSITY, et al.,   *

       **Defendants.**        *

 *    *    *    *    *    *    *    *    *    *    *    *    *

**DEFENDANT MORGAN STATE UNIVERSITY'S RESPONSES TO
PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendant, Morgan State University, by its undersigned counsel, Douglas F. Gansler,
Attorney General of Maryland, and Sally L. Swann, Assistant Attorney General, hereby responds
to Plaintiff's first request for production of documents as follows:

**General Objections**

1.      Defendant objects to the requests to the extent that they impose a greater
obligation than that imposed by the Federal Rules of Civil Procedure.

2.      Defendant objects to such request that require them to produce "any and all
documents" or "every document," because such requests are burdensome and defendant cannot
reasonably be expected to produce every single document. Defendant has made a good faith
effort to locate such documents where they reasonably believe they can be found.

3.      Defendant objects to producing documents that are irrelevant to the issues in this
case and that are not reasonably calculated to lead to the discovery of relevant evidence.

**RESPONSES**

1

**REQUEST NO. 3:**  Produce each and every document reflecting dates FMLA leave was requested by any employee in the last five (5) years, including time records, requests for leave, and similar documentation.

**RESPONSE: Defendant objects on the grounds that the request is for confidential employee information that is not subject to discovery, and additionally that the request is overly broad and is not reasonably calculated to lead to the discovery of admissible evidence relevant to the two counts remaining in the case.**

Plaintiff's response - This is clearly relevant to the Morgan State's intent and Motive in Plaintiff's FMLA retaliation and interference claims and may be relevant to pretext. We have no objection to having these documents being covered by an appropriate Protective Order.

**REQUEST NO. 7:**  Produce each and every document reflecting records of any dispute between the employer and an employee regarding designation of leave as FMLA leave, including any written statement from the employer or employee of the reasons for the designation and the disagreement.

**RESPONSE: Defendant objects to the request on the grounds that it is for confidential employee records, and additionally the request is overly broad and is not reasonably calculated to lead to the discovery of admissible evidence relevant to the two remaining counts. To the extent that the documents requested relate to plaintiff and have not been produced in response to request no. 1, defendant will produce the responsive documents.**

Plaintiff's response - This is clearly relevant to the Morgan State's intent and Motive in Plaintiff's FMLA retaliation and interference claims and may be relevant to pretext. Please draft an appropriate Protective Order to cover these documents.

**REQUEST NO. 13:**  Produce each and every document that shows discipline, counseling, adverse employment action, and/or discharge of any other employee of Defendant for absence-related reasons during the previous four years.

**RESPONSE: Defendant objects to the request on the grounds that the request is for confidential employee records, which cannot be produced.**

 Plaintiff's response - Please draft an appropriate Protective Order to cover these documents. This is clearly relevant to the Morgan State's intent and Motive in Plaintiff's FMLA retaliation and interference claims and Title VII claims and may be relevant to pretext.

2

**REQUEST NO. 19:**  Produce each and every document that constituted attendance and/or payroll records kept for any and all other employees of Defendant's English Department for the preceding five years.

**RESPONSE: Defendant objects to the request on the grounds that it requests confidential employee records, which cannot be produced.**

Plaintiff's response - Please draft an appropriate Protective Order to cover these documents. This is clearly relevant to the Morgan State's intent and Motive in Plaintiff's FMLA retaliation and interference claims and Title VII claims and may be relevant to pretext.

**REQUEST NO. 20:**  Produce each and every email whether stored in individual local office computer, hard drive, external drive or remote server that includes Plaintiff's name, country of origin Nigeria, tribe of origin, Igbo or Ibo, and/or is relevant to Plaintiff's employment with Defendant and the employment of other Nigerians at Morgan State University.

**RESPONSE: Defendant objects to the production of documents that are privileged and/or attorney work-product, but will produce non-privileged and non confidential documents responsive to the request for the last three years.**

Plaintiff's response - Please draft an appropriate Protective Order to cover these documents. This is clearly relevant to the Morgan State's intent and Motive in Plaintiff's FMLA retaliation and interference claims and Title VII retaliation claims and may be relevant to pretext.

**REQUEST NO. 22:**  Produce each and every document dealing with the promotion of Assistant and Associate Professors in the English Department, Political Science Department and History Department during the past six years including the recommendations of their various Departmental Tenure and Promotion Review Committees and the international reviews of the publications that warranted their promotion and/or tenure, and those promoted following appeals to the University Review Committee.

**RESPONSE: Defendant objects on the grounds that the request is for documents regarding issues that are res judicata.**
Plaintiff's response -
This is clearly relevant to the Morgan State's intent and Motive in Plaintiff's FMLA retaliation and interference claims and Title VII retaliation claims and may be relevant to pretext. Please note that these issues have never been litigated on their merits and are not res judicata as quoted by Judge Nickerson in his Memorandum opinion.

**REQUEST NO. 24:**  Produce any and all documents concerning evaluation of the FMLA leave requests of all employees who have made such requests in the last five (5) years.

3

**RESPONSE: See response to request no. 3.**


Plaintiff's response - This is clearly relevant to the Morgan State's intent and
Motive in Plaintiff's FMLA retaliation and interference claims and may be relevant to pretext.
We have no objection to having these documents being covered by an appropriate Protective Order.

4