IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROSE URE MEZU,                                    *

        Plaintiff,                             *

        v.                                          *          Civil Action No. WMN09CV2855

MORGAN STATE UNIVERSITY,              *

        Defendant.                         *

*    *    *    *    *    *    *    *    *    *    *    *    *

**MEMORANDUM IN SUPPORT OF DEFENDANT'S**
**MOTION TO STRIKE PLAINTIFF'S SECOND MOTION TO COMPEL**

Defendant Morgan State University[1] ("University"), by its attorneys, Douglas F. Gansler,

Attorney General of Maryland, and Sally L. Swann, Assistant Attorney General, submits this

memorandum in support of its Motion to Strike Plaintiff's Second Motion to Compel and states

the following:

1.    Plaintiff filed her first motion to compel without adhering to the requirements of  L. R.

      104.8 -- "requires that the parties exchange their motion to compel, opposition

      memorandum, and any reply and then discuss the dispute *before* filing the papers with the

      Court."  *Coogan v. Cornet Transportation Co., Inc.*, 199 F.R.D. 166, 167 (D. Md. 2001).

      This Court granted Defendant's motion to strike the first motion to compel.

---

[1]Defendants Armada Grant and Dolan Hubbard were dismissed from the case by Order of
the Court dated March 18, 2010.

2.    Plaintiff has now filed a second motion to compel, again prematurely, without adequately discussing and attempting to resolve the discovery disputes.  As a result, Plaintiff's counsel has misrepresented to the Court what is being disputed.

3.    Before plaintiff filed her motion to compel, the undersigned counsel had informed plaintiff's counsel that defendant would supplement the answers to interrogatories that were allegedly incomplete with supplemental references to the documents produced in response to plaintiff's discovery request.

4.    If plaintiff's counsel had conferred with defendant's counsel before filing the motion to compel, she would have learned that defendant was willing to reproduce the discovery documents, and bill plaintiff's counsel for those costs at a later date. The documents have been available for inspection and copying for over a month, and defendant has arranged for photocopying and delivery of the documents on Friday, August 20, 2010.

5.    Further, if plaintiff's counsel had appropriately conferred with defendant's counsel, she would have learned that, although defendant is prohibited from providing confidential medical records of employees under FMLA, which designates the FMLA records as confidential medical records, and under Md. Code Ann. State Government sec. 10-617(b) and 616(I) which prohibits the release of medical and personnel records of a person, defendant would provide the relevant statistical information regarding the FMLA requests made at Morgan State University, with a privilege log.

6.   The only dispute likely to remain unresolved is whether Plaintiff is entitled to discovery of documents relating to the denial of promotion in 2005.  This claim, as well as the retaliation claim (in the earlier case), has been litigated and dismissed in two prior federal court cases. *See Mezu v. Morgan State University,* 264 F. Supp 2d 292 (D. Md. 2003)*, aff'd* 75 Md. Fed. Appx. 910 (4th Cir. 2003) and *Mezu v. Morgan State University (Mezu II),* 2010 WL 582691 (C.A. 4 (MD). In *Mezu II*, the Court made clear that promotion was a discrete act and not actionable if time barred, even if related to acts alleged in timely filed charges.   Similarly, the attempt to relitigate the promotion issue under the guise of a retaliation claim in this case, is barred.  Contrary to plaintiff's argument that the documents are relevant to retaliatory motive, the  documents simply do not meet the test of being "reasonably calculated to lead to the discovery of admissible evidence." F.R. Civ. P. 26 b (1).  The FMLA acts complained of happened in November 2008 and Fall Semester 2009, and the retaliatory acts complained of happened in Fall 2009 and early 2010.  In addition, there is no temporal proximity between the denial of promotion in 2005 and the acts complained of here.

Therefore, because plaintiff's counsel did not adequately confer with defendant's counsel prior to filing the motion to compel in an attempt to resolve the discovery disputes, plaintiff did not meet the requirements of L. R. 104.8 and her motion to compel should be stricken.

Respectfully submitted,

DOUGLAS F. GANSLER
Attorney General of Maryland


            /s/

SALLY L. SWANN
Assistant Attorney General
Federal Bar No.: 06731

Educational Affairs Division
200 St. Paul Place, 17th Floor
Baltimore, MD 21202-2021
Telephone: (410) 576-7053