**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| ROSE URE MEZU | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. WMN-09-2855 |
| | : |
| MORGAN STATE UNIVERSITY, | : |
| and | : |
| ARMADA W. GRANT, | : |
| in her personal capacity and | : |
| as Director, Human Resources/Payroll for | : |
| Morgan State University, | : |
| and | : |
| DOLAN HUBBARD, | : |
| in his personal capacity and | : |
| as Chair, Department of English | : |
| and Language Arts, | : |
| Morgan State University, | : |
| Defendants. | : |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STRIKE**

Having failed almost completely to abide by its discovery obligations under the Federal Rules of Civil Procedure and by the requirements placed upon them by Local Rule 104.8, defendant now has sought to invoke that same local rule and claim plaintiff's motion to compel, filed August 13, 2010, should be stricken. Having refused to respond to the motion to compel in a timely fashion, and then having refused to even respond to a request for a conference on the outstanding issues, defendant claims the motion was premature-- because it has not served its response and there was no conference! Defendant is much like the accused murderer who killed his own parents and then threw himself on the mercy of the court because he was now an orphan. There is no reason to strike the motion to compel. Plaintiff has fully abided by Local Rule 104.8; defendant has chosen no to do so. The motion should not be stricken, but instead heard and resolved. Moreover, the motion must be considered unopposed,

1

as defendant did not bother to respond to it as required under Local Rule 104.8.

The discovery requests in question were served on May 17 and May 19, 2010.  Now, more than three months later, defendant continues to try to delay actually producing anything meaningful in discovery, hoping to run out the clock on this case.  Plaintiff fully complied with Local Rule 104.8-- served the motion, waited until the entire set of motion papers were exchanged (which includes only the motion and supporting memorandum, because defendant chose not to respond, making the motion unopposed), made every attempt to confer about the discovery issues but was rebuffed, and then filed the motion with this Court.

Local Rule 104 as a whole, including that portion dedicated to motions to compel, Rule 104.8, is intended in part to serve the salutatory purpose of encouraging negotiations and discussions over discovery disputes.  It is not, however, intended to be used as a tool for delay and cynical gamesmanship, as defendant has misused that rule in this case.  See *Jayne H. Lee, Inc. v. Flagstaff Industries Corp*., 173 F.R.D. 651, 655, 656 (D.Md. 1997)(those attorneys who engage in a "a calculated effort to manipulate the rules of procedure"... "should beware").

Local Rule 104.8 sets out a procedure that both encourages negotiation and sets deadlines for prompt resolution.  Defendant violated both aspects of the rule, in the following specific ways.

First, plaintiff, at the end of the 30 day deadline for serving the motion to compel (that is, thirty days after defendant's response--or rather, near non-response-- to plaintiff's discovery requests), did in fact serve such a motion, on July 26, 2010. It detailed defendant's improper objections and explained why they were improper, sought a privilege log, and the production of the few documents defendant had not objected to without improper shifting of costs.[1] This motion, itself, was only filed after fruitless attempts to resolve the dispute amicably had failed, including a conference on July 14, 2010.  It was

---

1   That motion was inadvertently filed with the Court as well by clerical error, and the filing with the Court was withdrawn, but of course the underlying dispute still existed and service of the motion on opposing counsel was not withdrawn.

then defendant's obligation to respond, but it chose not to do so.   Under Local Rule 104.8(a) defendant is then required to "serve a memorandum in opposition to the motion within fourteen (14) days thereafter."  That meant defendant was required to respond to the motion to compel on or before Monday, August 9, 2010.

Defendant failed to do so.   It ignored the deadline of the rules.   It did not obtain from the court or opposing counsel permission to do so, and have an extension of time.  Thus, the motion was, by the rules, unopposed, and ready to be filed with this Court.

Moreover, during the pendency of the motion, plaintiff continued to make efforts to resolve these disputes by negotiation.  See Plaintiff's Memorandum of Law in Support of the Motion to Compel ("Plaintiff's Memorandum") at 5-6 (under the heading of "Events Since the Service of the Motion to Compel") and Exhibit 6 attached thereto, which exhibit is a collection of correspondence after the service of the motion on July 26, 2010, concerning discovery.  As a perusal of that correspondence, defendant did budge from a single one of its objections to plaintiff's discovery.  It did say it would (someday) produce a privilege log-- but did not budge from its wide-ranging claim that nearly all documents were privileged.  It did claim it would (at some unspecified date in the future) produce (some) documents-- but those documents would still be limited by defendant's claims that much relevant material was not discoverable, and that production would be subject to the cost-shifting mechanism despite the motion to compel's argument that such cost-shifting is improper.

Finally, not only did defendant refuse to respond to the motion to compel in a timely fashion, it failed to respond to a request to confer.  After the date in which the response to the motion to compel was due, plaintiff's counsel wrote two emails to defendant's counsel, both reproduced in full in Plaintiff's Memorandum at 6.  These emails plainly stated that the issues in the motion to compel were very much alive, that the motion would be filed promptly, and invited defendant's counsel to confer about any change in her position (though she had made it clear that there would be none).  Defendant's

counsel did worse than reject the offer of a conference-- she refused to even respond to the emails at all.  There was no response from defendant's counsel until after the motion to compel was filed, days later.

In other words, defendant's actions reveal a plan to kill discovery by delay.  First, it promised someday to produce some subset of the requested documents, if it got paid, though not all of what it should produce.  Then, when pressed with the threat of a motion to compel and sanctions, it renewed its promise to someday produce some portion of the documents, if it got paid for them, and admitted that maybe it should produce a privilege log- -though several months after being served with discovery requests, it has not yet produced either yet.  This is the very technique that led to severe sanctions against a recalcitrant litigant in *Jayne H. Lee, Inc. v. Flagstaff Industries Corp*., 173 F.R.D. 651 (D.Md. 1997).  The Court's description of that litigant's behavior sounds very much like defendant's actions here:

> some attorneys comply with half of what Rule 34(b) requires-they file a written response, but do not agree to the requested time, place and manner of production, or, as Professor Wright suggests, propose a reasonable alternative method. Rather, they give the vague assurance that the requested documents will be produced "in the future at a mutually agreeable time and place." This practice assures continued wrangling and negotiating before the documents ultimately are produced, and usually, in the process, the party who was obligated to respond will insist upon extracting some reciprocal concession from the opposing party for doing that which Rule 34(b) already required him or her to do. This, of course, frequently derails the discovery process, because parties often wait to schedule depositions until after document production has occurred.
> Worse still, *some attorneys employ the foregoing procedure in a calculated effort to manipulate the rules of procedure, reasoning* that by serving a written response, albeit one which does not comply with Rule 34(b), *they are insulated by Local Rule 104.8* from a motion to compel being filed immediately with the court.

*Id*. at 655 (emphasis supplied).  Defendant here has engaged in exactly the same sort of behavior, and added a few wrinkles.  Apart from the substantive objections to most of plaintiff's discovery, defendant has promised documents if plaintiff paid for them-- someday, sometime, somehow, with no promises of any particular delivery date.  When efforts to resolve the disputes defendant's

4

behavior has created are made, defendant concedes nothing of substance, makes no real compromises, and delays, and delays.  When efforts are made to end the delay by means of a motion to compel, defendant attempts to delay again by failing to respond to that motion in a timely fashion, yet then acting shocked when plaintiff filed the motion with the Court because defendant claims it was -- again, someday-- going to respond.  When efforts are made to prompt a conference, though apparently such conference was futile, defendant simply failed to respond, then complains no conference was held.  Like the litigant in *Jayne H. Lee,* defendant is simply manipulating the system.

Defendant's position is both ironic and cynical.  It is ironic because, after choosing to ignore their discovery obligations and the requirements of Local Rule 104.8, defendant then seeks to invoke that rule, though erroneously, to allow it to continue to ignore its discovery obligations.  Defendant's position is cynical because its actions make it clear it has never had any interest in complying with its proper obligations in the discovery process but simply hoped to game the system sufficiently to exhaust an underfunded plaintiff's efforts to obtain discovery.   This is reminiscent of the beginning of this case, where defendant-- a major institution well represented by able, state-employed attorneys-- did not even bother to answer the complaint until faced with a default judgment.  (See this Court's entry of default judgment in this matter).

The particular game defendant is playing with discovery also is reminiscent of the warnings this Court gave to those who would try to manipulate Local Rule 104.8 in the decision just cited, *Jayne H. Lee, Inc. v. Flagstaff Industries Corp.*, 173 F.R.D. 651 (D.Md. 1997).  In that case, the defendant moved to compel and for sanctions after plaintiff's attorney refused to answer interrogatories and document requests on grounds that defendant's responses to discovery requests were inadequate. The Court granted the motion to compel, and found objections were waived.  In so doing, it described behavior much like defendants.  After describing behavior much like that of defendant in this case, and

5

noting many who engage in such behavior try to hide behind Local rule 104.8, the Court stated, "

"However, those who practice this artifice should beware." *Id*. at 656.

Simply put, defendant refused to respond within the time deadlines set by Local Rule 104.8(a) to the motion to compel.  Thus, the motion package is complete and ready to be filed.  Similarly, defendant refused to respond to requests to confer, but did make it clear all such conferences would be futile.  Thus, the motion was ripe under Local Rule 104.8(b) as well.  The motion was properly filed.

 The discovery was served over three months ago.  Defendant has yet to produce a single document. The discovery disputes have been under discussion for more than two months, and it is clear the parties are at an impasse.  It is long past time to resolve the disputes.

What was never properly filed, or served, was any attempt by defendant to respond to the substance of the motion to compel.  As defendant has chosen not to serve a timely response, rather playing for further delay by claiming to be "working on it," the Court must consider the motion to compel unopposed.  As the motion is unopposed, the Court can promptly and readily grant the relief sought in full, and impose the sanctions required by Federal Rule of Civil Procedure 37(a)(5).

Respectfully submitted,

Dated: August 20, 2010

/S/ C. Valerie Ibe, Esq.

Law Offices of C. Valerie Ibe,
A  Professional L aw Corporation
23614 Nadir Street
West Hills, CA 91304
Telephone: 818-346-8777
Email:Kancvi@aol.com
Bar ID: 94234
Counsel for Plaintiff, Rose Ure Mezu

6

/S/ John M. Singleton, Esq.
Singleton Law Group
400 Redland Court, Suite 107
Owings Mills, MD 21117
Telephone: 410-902-0073
Fax: 410-902-7372
Email:jmsingleton@sgt-law.com
Bar ID: 02275

Counsel for Plaintiff, Rose Ure Mezu

7

**CERTIFICATE OF SERVICE**
**All Case Participants Are CM/ECF Participants**

I hereby certify that on August 20, 2010, I electronically filed the foregoing with all the attachments with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Sally Lotz Swann    sswann@oag.state.md.us,


/S/ C. Valerie Ibe, Esq.
Law Offices of C. Valerie Ibe,
A  Professional L aw Corporation
23614 Nadir Street
West Hills, CA 91304
Telephone: 818-346-8777
Email:Kancvi@aol.com
Bar ID: 94234
Counsel for Plaintiff, Rose Ure Mezu


/S/ John M. Singleton, Esq.
Singleton Law Group
400 Redland Court, Suite 107
Owings Mills, MD 21117
Telephone: 410-902-0073
Fax: 410-902-7372
Email:jmsingleton@sgt-law.com
Bar ID: 02275

Counsel for Plaintiff, Rose Ure Mezu

8