**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **ROSE URE MEZU,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civil Action No. WMN09CV2855** |
| **MORGAN STATE UNIVERSITY,** | * | |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S
<u>MOTION TO STRIKE PLAINTIFF'S SECOND MOTION TO COMPEL</u>**

Defendant Morgan State University[1] ("University"), by its attorneys, Douglas F. Gansler, Attorney General of Maryland, and Sally L. Swann, Assistant Attorney General, submits this reply to plaintiff's response to its motion to strike the Motion to Compel and states the following:

1.      Plaintiff has again misrepresented to the Court certain basic facts about the discovery process in this case.

2.      The fact is that Plaintiff's counsel received the answers to interrogatories and responses to plaintiff's request for production of documents on June 29, 2010, the date agreed to by the parties.

3.      The fact is that the documents produced in response to plaintiff's discovery request were available for inspection and copying on June 29, 2010.

4.      The fact is that plaintiff did not avail herself of the opportunity to inspect and copy the discovery documents.

---

[1]Defendants Armada Grant and Dolan Hubbard were dismissed from the case by Order of the Court dated March 18, 2010.

5. The fact is that after plaintiff's motion to compel was stricken by the Court, the parties were in contact by e-mail discussing the discovery issues, including deposition schedules. On August 10, the undersigned counsel informed plaintiff's counsel that a privilege log was being prepared for those documents that could not be produced because they were confidential and/or privileged. On August 13, the defendant's counsel e-mailed plaintiff's counsel to ask her preference for how the documents should be copied. Plaintiff's counsel did not respond. Therefore, on August 17, defendant's counsel e-mailed plaintiff's counsel that since she had not responded to the e-mail of August 13, the paper copies of the discovery documents would be mailed to plaintiff's counsel, with delivery scheduled for Friday, August 20, 2010.

6. Plaintiff again filed a motion to compel even though she had knowledge that most of the discovery issues were being resolved. The only unresolved issue is whether plaintiff is entitled to documents regarding her promotion application from some 5 years ago. Defendant's position is that those documents are not relevant to this case because they have no temporal proximity and the issue has already been litigated.

7. Thus, there is no basis to say, as plaintiff's counsel does in her response, that defendant has not produced the required discovery.

Therefore, for the reasons stated above and in the motion to strike, plaintiff's motion to compel should be stricken.

Respectfully submitted,

DOUGLAS F. GANSLER
Attorney General of Maryland

                              _____/s/_____
                              SALLY L. SWANN
                              Assistant Attorney General
                              Federal Bar No.: 06731

                              Educational Affairs Division
                              200 St. Paul Place, 17th Floor
                              Baltimore, MD 21202-2021
                              Telephone: (410) 576-7053