## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

ROSE URE MEZU : 
        Plaintiff, :
: 
    v. : Civil Action No. WMN-09-2855
: 
MORGAN STATE UNIVERSITY, :
    and :
ARMADA  W. GRANT, :
in her personal capacity and :
as Director, Human Resources/Payroll for :
Morgan State University, :
    and :
DOLAN HUBBARD, :
 in his personal capacity and :
as Chair,  Department of English :
and Language Arts, :
Morgan State University, :
       Defendants. :

## OBJECTIONS TO SUBPOENA UNDER
## FEDERAL RULE OF CIVIL PROCEDURE 45(c)(2)(B)

Plaintiff, Rose Ure Mezu, Ph.D., objects to the scope of the subpoena served on her, filing those objections pursuant to Federal Rule of Civil Procedure 45(c)(2)( B), and in support thereof states:

1.  Dr. Mezu is the plaintiff in this action, and pursuant to the normal procedures of discovery her deposition has been scheduled for August 25, 2010.

2.  Dr. Mezu also already has been served with interrogatories and requests for production of documents, to which she has responded.  (See Exhibit 1, a copy of Dr. Mezu's discovery responses).

3.  Also, unlike defendant, Dr. Mezu in fact actually produced over four hundred pages of documents--defendant has simply promised to "someday" do so, and insists on charging the plaintiff, defying the well-settled obligation to of "the producing party [to] bear the cost of responding to properly initiated discovery requests." *Thompson v. U.S. Dept. of Housing and Urban Development*,

1

219 F.R.D. 93, 97 (D. Md. 2003) citing *Oppenheimer Fund Inc. v. Sanders,* 437 U.S. 340, 358 (1978) (the party responding to a discovery request ordinarily bears the expense associated with doing so).

4. Dr. Mezu produced those documents free of charge, in keeping with her discovery obligations, while defendant insists on being paid money to meet its obligations.

5. Dr. Mezu did make some objections to the discovery requests. (See Exhibit 1). Defendant has stated that it disputes the validity of those objections, but the negotiation process from Local Rule 104 has yet to begin.

6. Despite obtaining Dr. Mezu's documents already, and despite establishing Dr. Mezu's deposition date in the normal manner for August 25, 2010, defendant served a subpoena *duces tecum* on plaintiff to compel her attendance at that already-scheduled deposition. (See Exhibit 2, a copy of that subpoena).

7. In so doing, defendant demanded plaintiff bring with her all the documents already sought through the request for production of documents.

8. Thus, defendant sought, unnecessarily, to impose a burden on plaintiff to produce documents already in defendant's possession, because the very same plaintiff already produced them. The subpoena seeks duplicative demands, apparently for reasons of pure harassment.

9. Defendant also has sought, apparently, to circumvent the procedures established under Federal Rule of Civil Procedure 34, by seeking to obtain documents another way from a party, despite already receiving all the documents to which defendant is entitled, as set forth in plaintiff's previous discovery responses. (See Exhibit 1).

10. Thus, under Federal Rule of Civil Procedure 45(c)(3)(A)(iii), should defendant continue to press its document demands, the subpoena must be quashed or modified, because it seeks the disclosure of privileged or other protected manner.

11. Further, to the extent its subpoena seeks to obtain documents which plaintiff already has

stated need not be produced as the request was objectionable, and thus about which documents there appears to be a discovery dispute, defendant has sought to circumvent the procedures set forth in Local Rule 104.8 for resolution of such disputes.

12. In general, a subpoena cannot be used to obtain more information from a party than would be available through traditional discovery. The issuance of a subpoena on a party cannot be used to obtain more evidence than would be available under other methods of discovery. *Hasbro, Inc. v. Serafino,* 168 F.R.D. 99, 100 (D.Mass. 1996); *Contardo v. Merrill Lynch,* 119 F.R.D. 622, 625 (D.Mass. 1988); *Le Chance v. Service Trucking Co.,* 215 F. Supp. 159, 161 (D.Md. 1963); *see also United States v. Nixon,* 418 U.S. 683 (1974); *Bowman Dairy Co. v. United States,* 341 U.S. 214 (1951); *United States v. Walters,* 558 F.Supp. 726 (D.Md. 1980).

13. In *Hasbro,* the defendant "served a deposition subpoena on the plaintiff pursuant to Fed. R. Civ. P. Rule 45 instead of seeking the production of documents pursuant to Fed. R. Civ. P. 34." *Hasbro,* 168 F.R.D. at 100. The court denied the defendant's motion to compel production of documents through the subpoena, holding that:

> [w]hile the language of Rule 45, since amended, may still not be crystal clear, it is apparent to this Court that *discovery* of documents from a party, as distinct from a non-party, is not accomplished pursuant to Rule 45.... [I]t is evident to this Court that Rule 45, to the extent is concerns discovery, is still directed at non-parties and that Rule 34 governs the discovery of documents in the possession or control of the parties themselves.

*Id.* (emphasis in original); *see also Contardo,* 119 F.R.D. at 624 ("a party cannot secure documents from an opposing party by serving a deposition subpoena *duces tecum* on an employee of the opposing party commanding production of the party's documents at the deposition unless the provisions of Rule 34, F.R. Civ. P., are followed."); *LaChance,* 215 F. Supp. at 161 ("This Court follows the weight of authority in holding that Rule 26 (the deposition rule) and Rule 45 (the subpoena rule) *cannot be combined to circumvent the provisions of Rule 34...."* (emphasis added)).

14. Accordingly, under Federal Rule of Civil Procedure 45(c)(3)(A)(iv), should defendant

3

continue to press its document demands, the subpoena must be quashed or modified, because it

subjects plaintiff to an undue burden, in that it seeks to force a party to produce documents in a fashion

inconsistent with Fed.R.Civ.P. 34 and Local Rule 104.8, in a manner more burdensome than those rules

allow.

15.  Furthermore, under Fed.R.Civ.P. 45(c)(3)(A)(iv), should defendant continue to press its

document demands, the subpoena must be quashed or modified, because it  subjects plaintiff to an

undue burden in requiring duplicative production of documents defendant already has received, thus

seeking to impose substantial financial costs on plaintiff to produce those documents-- at the same time

defendant, a well-funded state institution, claims it needs to be paid before it will produce a single

shred of paper.

16.  Moreover, if a discovering party insists on examining many and complex documents at the

taking of the deposition, thereby causing undue burdens, the court may order that the examining party

proceed by way of Fed. R. Civ. P. 34 alone.  *See* Notes of Advisory Committee on 1970 Amendments to

Fed.R.Civ.P. 30(b)(5).  *Cf.  Carter v. United States*, 164 F.R.D. 131, 133 (D. Md. 1995)(advising

against using depositions as means to avoid demands of Rule 34); *accord,  Canal Barge Co. v.

Commonwealth Edison Co.*,  2001 WL 817853 *4 (N.D.Ill. 2001).

17.  For all the reasons set forth above, plaintiff objects to the subpoena *duces tecum* and will

not produce any documents at the deposition.

Respectfully submitted,

Dated:  August 23, 2010                        /S/ C. Valerie Ibe, Esq.
                                               Law Offices of C. Valerie Ibe,
                                               A  Professional L aw Corporation
                                               23614 Nadir Street
                                               West Hills, CA 91304
                                               Telephone: 818-346-8777

4

Email:Kancvi@aol.com
Bar ID: 94234
Counsel for Plaintiff, Rose Ure Mezu


 /S/ John M. Singleton, Esq.
Singleton Law Group
400 Redland Court, Suite 107
Owings Mills, MD 21117
Telephone: 410-902-0073
Fax: 410-902-7372
Email:jmsingleton@sgt-law.com
 Bar ID: 02275
Counsel for Plaintiff, Rose Ure Mezu

<u>**CERTIFICATE OF SERVICE**</u>
**All Case Participants Are CM/ECF Participants**

I hereby certify that on August 23, 2010, I electronically filed the foregoing with all the attachments with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Sally Lotz Swann    [sswann@oag.state.md.us](mailto:sswann@oag.state.md.us),

<u>/S/ C. Valerie Ibe, Esq</u>.
Law Offices of C. Valerie Ibe,
A  Professional L aw Corporation
23614 Nadir Street
West Hills, CA 91304
Telephone: 818-346-8777
Email:Kancvi@aol.com
Bar ID: 94234
Counsel for Plaintiff, Rose Ure Mezu


<u>/S/ John M. Singleton, Esq.</u>
 Singleton Law Group
 400 Redland Court, Suite 107
 Owings Mills, MD 21117
 Telephone: 410-902-0073
 Fax: 410-902-7372
 Email:jmsingleton@sgt-law.com
 Bar ID: 02275
 Counsel for Plaintiff, Rose Ure Mezu