# EXHIBIT 1 – Plaintiff's Responses to Defendant's Document Requests

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

ROSE URE MEZU                                    *

        Plaintiff,                          *

       v.                                       *        Civil Action No. WMN-09-2855

MORGAN STATE UNIVERSITY, et al.,   *

        Defendants.                         *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

PROPOUNDING PARTY:        Morgan State University, Defendant

RESPONDING PARTY:         Rose Mezu,  Plaintiff

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## PLAINTIFF ROSE MEZU'S ANSWERS TO DEFENDANTS' FIRST SET OF INTERROGATORIES

Plaintiff, Dr. Rose Ure Mezu, through her attorney, C. Valerie Ibe, Esq., hereby answers

Defendants' First Set of Interrogatories as follows:

A.  The information supplied in these answers is not based solely on the knowledge of the executing party but includes the knowledge of the party's agents, representatives and attorneys, unless privileged.

B.      The word usage and sentence structure may be that of the attorney assisting in the preparation of these responses and thus does not necessarily purport to be the precise language of the executing party.

TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

Plaintiff, Dr Rose Mezu (hereinafter "Plaintiff") objects to and otherwise responds to Defendants' First Set of Interrogatories as follows:

## PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

1.      At the outset, it should be noted that Plaintiff has not fully completed her investigation into the facts and circumstances relating to this case, has not completed her discovery, nor begun preparations for trial.

2.      All the responses contained herein are based only upon such information and documents as are currently available and specifically known to Plaintiff and disclose only those contentions that currently occur to the Plaintiff.

3.      It is anticipated that further independent investigation, discovery, legal research and analysis will supply additional facts, add meaning to the known facts, and establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the responses set forth herein.

4.      The following discovery responses are given without prejudice to Plaintiff's right to introduce evidence of any subsequently discovered facts or facts that Plaintiff may later recall. Plaintiff accordingly reserves the right to change any and all responses herein as additional facts are ascertained, analyses are made, legal research is completed, documents are discovered and/or contentions are made.

5.      The responses and objections contained herein are made in a good faith effort to supply as much factual information and as much specification of legal contentions as is presently known, and should in no way prejudice Plaintiff in relation to further discovery, research, or analysis.

6.      Plaintiff objects to the extent that the information sought is within the knowledge of the defendant.  Notwithstanding such objection, plaintiff has made a good faith attempt to answer such interrogatories.

7.      Plaintiff objects to the extent that the interrogatories seek information beyond the scope permitted by the Federal Rules of Civil Procedure or require the disclosure of information protected by the attorney client or attorney work product privileges.  Plaintiff also objects to providing "each and every" and "all" items of information because it is burdensome and impossible to do so.  Without waiving such objection, plaintiff has, where appropriate, made a good faith attempt to answer such interrogatories.

8.      Much of the information sought can be found in documents produced to Defendant simultaneously with these Answers.

9.      Counsel's signature below is for purposes of the legal objections raised in these responses and for no other purpose.

## ANSWERS TO INTERROGATORIES

INTERROGATORY NO. 1:  Identify all persons who are likely to have personal knowledge of any fact alleged in the complaint, and state the subject matter of the personal knowledge possessed by each such person.

**RESPONSE:** Plaintiff objects to this request on the grounds that it is overly broad, without reasonable limitation in scope. Plaintiff further objects on the ground that she has not fully completed her investigation into the facts and circumstances relating to this case, has not completed her discovery, nor begun preparations for trial. The following responses are given without prejudice to Plaintiff's right to introduce evidence of any subsequently discovered facts or facts that Plaintiff may later recall. Plaintiff accordingly reserves the right to change any and all responses herein as additional facts are ascertained, analyses are made, legal research is completed, documents are discovered and/or contentions are made. Subject to, and without in any way waiving her General Objections and to the extent Plaintiff understands this demand, Plaintiff responds as follows:

Armada Grant, MSU, 1700 E. Cold Spring Lane, Baltimore Maryland 21251, Director of Human Resources; Dr. Dolan Hubbard, Chairperson, English Department, MSU, Dr. Earl Richardson, former President, MSU; Burney Hollis, Dean, MSU; Dr. Joann Robinson, VP Academic, MSU; Denicia J. Fowler, Coordinator Student Accessibility Support Services, MSU; Dr. S. Okechukwu Mezu and Dr. Olachi Mezu, both of 4011 Old Court Road, Pikesville, MD 21208, Dr. Judy Huang, Neurosurgeon, The Johns Hopkins University, Maryland; Dr. Raymond Nze, Greater Baltimore Medical Center.

INTERROGATORY NO. 2:  Itemize all expenses and other economic damages, actual or consequential, past and future, claimed to result from defendant's alleged retaliation in violation of Title VII and alleged violation of the FMLA, and as to each item claimed, identify the item, the amount claimed for that item, the method, if any, by which you computed the amount, the figures used in that computation, and the facts and assumptions upon which your claim is based. This should include any damages claimed as a result of "emotional distress."

**RESPONSE:**      Plaintiff objects to the interrogatory because it is overly broad and moreover, the request contains more than one request and because as worded the defendant asks for legal conclusions in this interrogatory. Plaintiff also objects because she has not completed investigation into the facts and circumstances of the case. Plaintiff reserves the right to change, supplement any or all responses as new facts are ascertained, analyses are made and documents are discovered. Without waiving the general objections, plaintiff states the following information in answer to the interrogatory:

The plaintiff, Dr. Mezu presents this estimate of damages stemming from her claims against the Defendant, Morgan State University for FMLA interference, FMLA retaliation, and retaliation under Title VII.

1. Dr. Mezu is entitled to lost salary or benefits. She believes she accumulated enough leave time so that she should be compensated for the salary of which she was deprived between November 17 and December 4, 2009-- two pay periods, with gross salary of $2623 for each pay period, or a total of $5246.

2. Dr. Mezu was entitled, under 29 C.F.R. §825.211, to have Morgan State continue benefits on the same level as before she was on leave. Thus, she made payments for her health benefits in the same two pay periods totaling $817.37 each period, or $1632.74 in all, for which she has not been fully reimbursed. The proper amount for the employee's share of those benefits is $153.48 a pay period, or a total of $306.96. She is entitled to the difference of $1325.78 as damages.

3. Under 29 C.F.R. §825.400(c), the employer is liable for any actual monetary losses the employee sustained as a result of the violation, such as the cost of providing care for a covered family member, up to a sum equal to 12 weeks of the employee's wages. Dr. Mezu's losses because of her being forced out of her preferential mortgage program, alone, are much greater than 12 weeks of her wages. Accordingly, she is entitled to $ 15,739.20 under section 825.400(c).

4. Dr. Mezu is entitled to interest on those damages, calculated at the prevailing rate. Section 2917 (a)(1)(ii) of the FMLA provides that an employer who violates Section 2615 "shall be liable" for "the interest on the amount described in clause (i) calculated at the prevailing rate." The interest is restitution for losing the use of money from the time of the adverse employment action to the end of the lawsuit.

5. Dr. Mezu should be awarded liquidated damages equal to all of her total damages listed above pursuant to Section 2917 (a)(1)(iii) of the FMLA. 6. When appropriate, a court may order equitable relief. 29 C.F.R. §825.400(c). One critical remedy necessary to the proper resolution of this case is equitable in nature. Dr. Mezu believes that currently the University considers her absence last semester to have been an absence without leave. Although the University has not sought, as of yet, to terminate her for this allegedly improper absence, it may yet do so, after the Court's scrutiny has past. Even more likely, this alleged improper absence will be counted against Dr. Mezu at some future date when matters of promotion and salary increases or other benefits of employment are considered. The Court must order the University treat Dr. Mezu's absence as a properly authorized FMLA leave for all purposes in its records and in her disciplinary and employment record.

7. Finally, an employee who is successful in his or her lawsuit against an employer may be awarded reasonable attorney's fees, expert witness fees and other costs incurred as a result of the litigation. 29 C.F.R. §825.400(c). The amount of fees are calculated based on the usual

and customary fees charged in the geographical area, the time the attorney spent on the case, the difficulty of the issue presented and the size of the employee's damages award.

**Title VII Damages**

1. Dr. Mezu is entitled to compensatory damages reflecting the financial losses and emotional damages caused to her by the withholding of her pay and benefits under the 1991 Civil Rights Act revisions, codified at 42 U.S.C. § 1981a. Some of these damages would not be reflected in the FMLA award and would therefore not be duplicative. These would include the full loss she suffered by being excluded from a mortgage preferential program. Dr. Mezu is entitled to emotional damages which would be established by her testimony concerning her state of mind in late November, December and January when she could not attend the memorial service of her mother, when she was forced to stay in the freezing weather because she had no money to pay for heating. These will justify emotional damages in excess of $100,000. Under section 1981a, these compensatory, punitive and emotional damages are capped at $200,000. Dr. Mezu believes she is entitled to this maximum amount.

2. Dr. Mezu is entitled to backpay representing the differential between her current pay and what she would have been paid but for the retaliatory and discriminatory suppression of her pay. *Farris v. Lynchburg Foundry,* 769 F.2d 958 (4th Cir. 1985). Other associate professors of her experience are paid $56, 652.32 a year more than Dr. Mezu. Since 2007, her total pay differential has been $171, 647.23.

3. Dr. Mezu is entitled to front pay, *Patterson v. American Tobacco Co.*, 535 F.2d 257, 259 (4th Cir. 1976), to reflect the ongoing loss of future salary due to the discriminatory suppression of her pay.

4. Dr. Mezu also is entitled to attorney's fees. The clear retaliatory acts pertaining to refusing to pay Dr. Mezu from December 4, 2009 to January 20, 2010, however, entitle her to emotional distress, compensatory and punitive damages under 42 U.S.C. § 1981a of the

maximum of $200,000. Thus, her minimum claims would be $200,000 under Title VII, which amounts would not be duplicative of the FMLA award.

5    Morgan State's long pattern of discrimination and retaliation against Dr. Mezu has been so longstanding and involves so many disparate acts. In first ignoring, then mishandling, then denying her FMLA leave, and then refusing to pay her even when that leave was over, though, Morgan State committed a discrete set of acts readily identifiable and easily connected causally to its desire to retaliate against Dr. Mezu for asserting her rights under Title VII. The direct effects of this discrete set of wrongful acts can most easily be remedied, and at the very least should be the minimum relief the Court provides.

INTERROGATORY NO.  3: Provide the name, address and contact information of the mortgage company and/or program, and plaintiff's written authorization for the release of all financial information regarding this mortgage, which plaintiff contends dismissal from as a result of defendant's acts or omission, and fully describe the reasons for the dismissal from the program and identify all persons you contacted with respect to dismissal from the program and plaintiff's attempts to regain admission to the program.

**RESPONSE:**    Plaintiff objects to the interrogatory because it is overly broad and requests information beyond the scope of the case and is not reasonably calculated to lead to the discovery of relevant admissible evidence. Moreover, the request contains more than one request. Without waiving the objection, Plaintiff states that Plaintiff's salary was directly deposited with Plaintiff's account with MECU and plaintiff's mortgage payment was directly and automatically debited against such salary deposit a day following the payment by Morgan State University. Failure by Morgan State University to deposit the salary as scheduled triggered immediate and automatic default on scheduled payments and loss of participation in the mortgage program just as non payment by Morgan State University of scheduled health care benefits immediately triggered loss of coverage. Plaintiff also refers defendant to plaintiff's answer to defendant's document production request # 6.

INTERROGATORY NO. 4. Identify all medical professionals, including any therapists, whom plaintiff consulted with or was treated by to address plaintiff's "emotional distress," the dates of such consultation, reasons for the consultations, and any diagnosis received.  Provide written authorization for the release of all medical records pertaining to the diagnoses to defendant.

> **RESPONSE:**    Plaintiff objects to the interrogatory because it is overly broad and requests information beyond the scope of the case and is not reasonably calculated to lead to the discovery of relevant admissible evidence. Plaintiff further objects as she has not completed her preparations for trial and as such reserves the right to supplement this information. Moreover, the request contains more than one request. Without waiving these objections, Plaintiff states that any Morgan State University staff that is not paid for three consecutive months will suffer emotional distress; any employee whose health care benefits are cut off will suffer emotional distress; any human being without money to pay for heat with two feet of snow on the ground will suffer emotional distress; any individual nursing a daughter who suffered from aneurysm and was denied FMLA for such a covered incident and was without cause deprived her salary even when she had more than enough leave bank to cover a sick leave would suffer from emotional distress. Dr Mezu has a treating physician, Dr Raymond Nze, M.D.   Defendant has already received this doctor's information from the plaintiff.

INTERROGATORY NO.  5. Fully describe the type of daily care plaintiff provided to the adult daughter who was the subject of the FMLA request in August 2009 and for whom plaintiff sought FMLA leave in August,  2009, the duration of the care provided by plaintiff, and the name, address and contact information of any and all medical providers, including therapists, contacted or visited by the adult daughter with the assistance of the plaintiff.

> **RESPONSE:**    Plaintiff objects to the interrogatory because it is overly broad and requests information already available to the Defendant having been submitted several times to the Defendant when the Plaintiff applied for FMLA leave on August 13, 2009 and on

October 2, 2009 and in several communications provided by the Neurosurgeon, Dr. Judy

Huang and the Physical Therapy Orders signed by Ms Tracy Wise, the Registered Nurse at

Preferred Home Care, LLC dated August 21, 2009.

INTERROGATORY NO. 6. Fully describe any and all meetings, conversations or communication with any and all employees of the University, and provide the name of the employees, with whom plaintiff discussed FMLA leave in 2008 and 2009, and explain the reasons why plaintiff did not provide further documentation to the university responsive to its request for information about the care plaintiff was providing for her adult daughter.

**RESPONSE:**    Plaintiff objects to the interrogatory because it is overly broad and

requests information already available to the Defendant. Plaintiff further objects because it

asks for a legal conclusion.  Plaintiff further objects as she has not completed her

investigation in the case and reserves the right to amend and supplement her answers as new

information is gathered. Without waiving these objections, Plaintiff states that she

personally delivered to Dr. Dolan Hubbard her application for sick leave (August 20, 2009

through August 28, 2009), personally collected directly from Barbara Watkins MSU Human

Resources office FMLA request forms in August 2009 after explaining to her the aneurysm

suffered by Dr. Olachi Mezu. In the case of FMLA leave application in 2008, Plaintiff wrote

to the University indicating she needed leave and time off to bury her mother who died in

Nigeria and was given FMLA forms by the University's Human Resources Department.

INTERROGATORY NO. 7.  Fully describe any and all meetings, conversations or communication with any and all employees of the university in which plaintiff informed the employees of the plaintiff's dates of return from leave in 2008 and 2009.

**RESPONSE:**    Plaintiff objects to the interrogatory because it requests information

already available to the Defendant. Plaintiff further objects as she has not completed her

investigation in the case and reserves the right to amend and supplement her answers as new

information is gathered. Without waiving these objections, Plaintiff states that she personally delivered to Dr. Dolan Hubbard her application for sick leave (August 20, 2009 through August 28, 2009), personally collected directly from Barbara Watkins MSU Human Resources office FMLA request forms in August 2009 after explaining to her the aneurysm suffered by her daughter. The date of anticipated return from FMLA leave was communicated to the Human Resources Department by Plaintiff in form HR44 (07/08) on 8/13/2009 as October 2, 2009 initially which was again, following post operative appointment on October 2, 2009 extended to December 4, 2009 on the recommendation of the Neurosurgeon Dr. Huang. In 2008 Plaintiff wrote to the Chairperson English Department, Dr. Dolan Hubbard, informing him of the need to bury her mother in Nigeria which would necessitate missing only four (4) class periods before the end of the semester. Plaintiff also enclosed copy of the burial details. Plaintiff made adequate arrangements to have those classes covered and so advised the Chairperson in writing. Plaintiff also informed the Human resources department and was given FMLA forms to apply for leave after explaining she needed time off to bury her mother. Both the Human Resources Department and the Chairperson English Department waited until after the Plaintiff traveled to Nigeria to inform her that her request for FMLA (2008) leave was not approved but that she could apply for bereavement leave. The Plaintiff applied for bereavement leave and up till today Morgan State University has neither granted that leave nor denied it.

INTERROGATORY NO. 8: Identify all medical providers, including any physician, psychiatrist, psychologist, social worker, therapist, or similar provider, whom the plaintiff consulted in connection with any injuries or illnesses alleged to have been suffered as a result of defendants' acts or omissions, and any documents relating thereto.

**RESPONSE:**     Plaintiff objects as she has not completed her preparations for trial and reserves the right to amend and supplement this list as new information is gathered. Without waiving these objections, plaintiff refers the Defendant to the answer to Interrogatory No. 4 and further adds that one particular incident of retaliation and harassment turned out to be a matter of life and death. Dr. Mezu's class at Morgan State University was changed by Morgan State University to an unheated basement in the height of winter without notifying the students.  Dr. Mezu, the Plaintiff stood there shivering and waiting for students in vain. That incident eventually sent Dr. Mezu to Northwest Hospital for treatment and a few hours later to the Intensive Care Unit of St. Joseph's Hospital, Towson, Maryland.  Dr. Mezu was in a coma for four days where she was given the final rites of the Catholic Church, was on life support at the Hospital faced with multiple organ failure. Dr. Dolan Hubbard's response when informed of the situation by one of Dr. Mezu's daughters, Dr. Ogechi Mezu, was to insist on knowing when Dr. Rose Mezu will return to school to teach her students.

INTERROGATORY NO. 9: Set forth all facts that support your contention that the defendant is liable for FMLA interference and Title VII retaliation and identify any documents relating thereto and any individuals who were treated more favorably than you.

**RESPONSE:**     Plaintiff objects because she has not completed investigation into the facts and circumstances of the case and it asks for a legal conclusion. Plaintiff reserves the right to change any or all responses as new facts are ascertained, analyses are made and documents are discovered. Without waiving the general objections, Plaintiff refers Defendant to Plaintiff's answer to Interrogatory Number 2.

INTERROGATORY NO. 10: Identify any experts whom plaintiff expect to present testimony on her behalf at trial, state the opinion such expert will present, summarize the basis for such opinion and identify any reports prepared by such expert.

**RESPONSE:** Plaintiff objects to the interrogatory because it is overly broad and the interrogatory as worded asks for legal conclusions. Without waiving the objection, Plaintiff states that she has not completed preparation for the trial and has not designated any experts and as such the above report is not required. Plaintiff only has treating physicians who she expects to testify at trial and the Plaintiff has already submitted a list to the defendant.

INTERROGATORY NO. 11: State the name, address, and title of each person whom you allege or contend was a witness to the alleged discrimination against plaintiff and describe the specific incident(s) the witness observed.

**RESPONSE:** Plaintiff objects to the interrogatory because it is overly broad and the interrogatory as worded asks for legal conclusions. Without waiving the objection, Plaintiff states that she has not completed preparation for the trial and refers the Defendant to the Plaintiff's answer to interrogatory No. 1.

INTERROGATORY NO. 12: Identify all admissions against interest made by Defendants

**RESPONSE:** Plaintiff objects to the interrogatory because the interrogatory as worded asks for legal conclusions. Plaintiff also objects because she has not completed investigation into the facts and circumstances of the case. Plaintiff reserves the right to change, supplement any or all responses as new facts are ascertained, analyses are made and documents are discovered. Without waiving the general objections, Plaintiff states that Morgan State University has admitted it violated its obligation to respond within five days of the application for FMLA by the Plaintiff; MSU violated its obligation to timely and directly advise Dr. Mezu of a Need for Further Information; Morgan State University

violated federal law by asking Dr. Huang to give Armada Grant information about Dr. Olachi Mezu without the patient's written permission;  MSU Violated Its Obligations to Grant Leave When Given Sufficient Information to Justify the Leave; MSU admits taking adverse action against Dr. Mezu, over and above refusing her legitimate request for leave, and by imposing on her the consequences of that denial, such as the loss of her health insurance, refusal to pay Dr. Mezu even when she was back at work from leave from December 4, 2009, until January 20, 2010.

Respectfully submitted,

Rose Ure Mezu, Ph.D.

Plaintiff

/S/ C. Valerie Ibe Esq.
C. Valerie Ibe, Esq.,
 Law Offices of C. Valerie Ibe,
 A Professional Law Corporation
 23614 Nadir Street
West Hills, California 91304
 Email:Kancvi@aol.com,
 Bar ID: 94234
 Tel. 818-346-8777
 Counsel for Rose Ure Mezu, Ph.D.


/S/ John M. Singleton, Esq.
Singleton Law Group
400 Redland Court, Suite 107
Telephone: 410-902-0073
Fax: 410-902-7372
Email:jmsingleton@sgt-law.com
Bar ID: 02275
Counsel for Plaintiff, Rose Ure Mezu

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of August, 2010, the Plaintiff's answer to defendant's first set of interrogatories was e-mailed to Sally L. Swann, Assistant Attorney General, Esquire, sswann@oag.state.md.us, attorney for defendants.

/S/ C. Valerie Ibe Esq.
C. Valerie Ibe, Esq.
Law Offices of C. Valerie Ibe,
A Professional Law Corporation
23614 Nadir Street
West Hills, California 91304
Email:Kancvi@aol.com,
Bar ID: 94234
Tel. 818-346-8777
Counsel for Rose Ure Mezu, Ph.D.


/S/ John M. Singleton, Esq.
Singleton Law Group
400 Redland Court, Suite 107
Telephone: 410-902-0073
Fax: 410-902-7372
Email:jmsingleton@sgt-law.com
Bar ID: 02275
Counsel for Plaintiff, Rose Ure Mezu

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

ROSE URE MEZU                *

        **Plaintiff,**            *

        **v.**                  *       **Civil Action No. WMN-09-2855**

**MORGAN STATE UNIVERSITY, et al.,** *

        **Defendants.**         *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**PLAINTIFF DR ROSE MEZU'S RESPONSES TO
DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Plaintiff, Dr. Rose Ure Mezu, by its undersigned counsel, C. Valerie Ibe, hereby responds

to Defendant's first request for production of documents as follows:

    **TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

Plaintiff, Dr Rose Mezu (hereinafter "Plaintiff") objects to and otherwise responds to
Defendant's First Request for Production of Documents as follows:

**PRELIMINARY STATEMENT AND GENERAL OBJECTIONS**

1. At the outset, it should be noted that Plaintiff has not fully completed her investigation

into the facts and circumstances relating to this case, has not completed her discovery, nor begun

preparations for trial.

2. All the responses contained herein are based only upon such information and

documents as are currently available and specifically known to Plaintiff and disclose only those

contentions that currently occur to the Plaintiff. It is anticipated that further independent

1

investigation, discovery, legal research and analysis will supply additional facts, add meaning to the known facts, and establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the responses set forth herein.

3.      The following discovery responses are given without prejudice to Plaintiff's right to introduce evidence of any subsequently discovered facts or facts that Plaintiff may later recall. Plaintiff accordingly reserves the right to change any and all responses herein as additional facts are ascertained, analyses are made, legal research is completed, documents are discovered and/or contentions are made.

4.      The responses and objections contained herein are made in a good faith effort to supply as much factual information and as much specification of legal contentions as is presently known, and should in no way prejudice Plaintiff in relation to further discovery, research, or analysis.

5. Plaintiff objects to Defendant's requests for production of documents because, to a great extent, they seek documents which, if they exist at all, are largely, if not solely, within the Defendant's possession, custody or control. Such documents will not be produced. Nor will Plaintiff produce any documents which have previously been produced in this case by Plaintiff or third parties.

6. Further, many, if not all, requests for documents posed by defendant require Plaintiff to conduct extensive legal research on behalf of defendant in order to determine the significance of certain facts and documents. Such requests are extremely burdensome and oppressive, and violate the protection against invasion of the work product of Plaintiff's attorneys.

2

7. Further, Plaintiff objects to the document requests to the extent that they seek documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine. Such documents will not be produced.

8. Based on these objections, Plaintiff will not research for or produce the following categories of documents: (a) any documents previously produced by any party or non-party; (b) notes and other communications between Plaintiff and her counsel; (c) any research and other notes made by Plaintiff's attorneys or those working under their direction; and (d) any legal cases, treatises or other documents maintained in the research files of counsel.

9. Plaintiff objects to such request that require them to produce "any and all documents" or "every document," because such requests are burdensome and plaintiff cannot reasonably be expected to produce every single document. Plaintiff has made a good faith effort to locate such documents where they reasonably believe they can be found.

10. Plaintiff objects to producing documents that are irrelevant to the issues in this case and that are not reasonably calculated to lead to the discovery of relevant evidence.

11. Counsel's signature below is for purposes of the legal objections raised in these responses and for no other purpose.

## RESPONSES TO DOCUMENT REQUEST

1. Any documents identified or referenced in response to Defendants' Interrogatories, including but not limited to medical records concerning or relating in any way to the facts or allegations set forth in plaintiff's Complaint, including records in support of plaintiff's allegation that she provided care for her adult daughter from August until December 2009.

3

**RESPONSE: Plaintiff objects to the request on the grounds that it is overly broad and burdensome. The plaintiff also reserves the right to amend and supplement her answer to this document request as discovery continues. Without waiving the objection, plaintiff produces the following documents in response and with reference to Interrogatory no. 1:**

    a.  **Dr. Olachi Mezu Aneurysm Medical report and hospital bill**
    b.  **Dr. Olachi Mezu medication log1**
    c.  **Dr. Olachi Mezu medication log2**
    d.  **Dr. Olachi Mezu medication log3**
    e.  **Dr. Olachi Home health care by Dr. Rose Mezu and others**
    f.  **Application for FMLA Leave dated August 13, 2009**
    g.  **Application for Excuse Duty August, 2009**
    h.  **Correspondences with Chairperson English Department and Human Resources Department with reference to FMLA leave and Excuse Duty**
    i.  **MSU FMLA denial letter September 2009**
    j.  **Application for FMLA Leave continuation dated October 2, 2009**
    k.  **Armada Grant 13 November FMLA denial letter**
    l.  **Return to work certification documents from Dr. Huang and others**

2.     All witness statements provided to or taken by plaintiff pertaining to any matter alleged in the Complaint.

**RESPONSE: Plaintiff objects to this request on the grounds that the request is overly broad. This notwithstanding, plaintiff has not completed preparation for trial nor completed her investigations into the facts and circumstances of this case. Plaintiff accordingly reserves the right to supplement and change any and all responses herein as additional facts are ascertained, analyses are made, legal research is completed, documents are discovered and/or contentions are made. Without waiving the objections, as plaintiff understands the question, plaintiff produces the following documents as statements by the individuals concerned.**

    a.  **Witness statements by Dr. Hubbard and others**
    b.  **Statements by Hubbard**

3.     All documents which reflect the attorneys' fees incurred to date in this matter, including the representation agreement.

**RESPONSE: Plaintiff's attorney has produced the quarterly records through June 2010 and the others will be produced in a timely fashion. Plaintiff objects to**

4

**the representation agreement as privileged attorney/client, attorney work product and further is not relevant to any issue in the case.**

4.    All written or recorded statements of defendant or its agents, representatives or employees, concerning the subject matter of this action.

**RESPONSE: Plaintiff objects to this request on the grounds that it is overly broad and burdensome. This notwithstanding, plaintiff has not completed preparation for trial nor completed her investigations into the facts and circumstances of this case. Plaintiff accordingly reserves the right to supplement and change any and all responses herein as additional facts are ascertained, analyses are made, legal research is completed, documents are discovered and/or contentions are made. Moreover, all such statements were written and recorded by Defendant or its agents themselves, and are in their control, including the letters and emails they wrote. Without waiving the objections, plaintiff produces the following documents which will be supplemented as they become available:**

      **a.    Protest against non payment of salary**
      **b.    Denicia Fowler case**
      **c.    Correspondences over non payment of health benefits**
      **d.    Charge details EEOC filed 20 July 2009**
      **e.    Charge details EEOC filed**
      **f.    Return to work after FMLA leave**
      **g.    Armada Grant denies FMLA leave request letter of Nov 13, 2009.**

5.    All photographs, video tapes or audio tapes, or other graphic representations of information concerning the subject matter of this action.

**RESPONSE: Plaintiff objects to this request on the grounds that it is overly broad and burdensome. This notwithstanding, plaintiff has not completed preparation for trial nor completed her investigations into the facts and circumstances of this case. Plaintiff accordingly reserves the right to supplement and change any and all responses herein as additional facts are ascertained, analyses are made, legal research is completed, documents are discovered and/or contentions are made. Without waiving the general objections, plaintiff produces the following documents which will be supplemented as they become available:**

      **a.    Rose Mezu v Morgan State University – civil action No: WMN-09-2855 – a Power Point presentation.**

      **b.    Charge details and particulars of the case presented to EEOC in 2009**

5

   c. **http://www.youtube.com/watch?v=_723-i6u1fQ&NR=1**

   d. **Olachi: Miracle Recipient in her own words by Dr. Olachi Joy Mezu**

6. Copies of all records, reports, bills, accounts, including the preferential mortgage and/or program, or any other document or written record of any kind or description which support your claim for damages in this action.

  **RESPONSE: Plaintiff objects to this request on the grounds that it is overly broad and burdensome. Without waiving the objection, plaintiff refers the Defendant to the Plaintiff's answer to Interrogatory No. 2 and attaches further these documents detailing damage claims.**

    a) **Federal Credit Union**
    b) **MECU Overdraft Notice**
    c) **PNC Mortgage past due**
    d) **National City Mortgage Equity Accelerator**
    e) **Geico notice of cancelation of auto policy**
    f) **Sears Rejection of Dr. Rose Mezu's credit application**

7. Your Federal and State income tax returns for 2007 through the present, including, but not limited to, income tax returns, including any attached schedules, W-2's, K-1's, 1099's, and/or other pay stubs.

  **RESPONSE: Plaintiff objects to this request on the grounds that the requested W-2s, and pay stubs are already available to, and in the possession of, the Defendants and the request is not reasonably calculated to lead to the discovery of admissible evidence relevant to the case. Plaintiff further objects to the tax returns as they are irrelevant to any issue in the case and not reasonably calculated to lead to admissible evidence.**

8. All documents which concern, refer, relate to or evidence any correspondence or communication (including e-mail) by, or on behalf of, you and any employee, agent or

6

representative of the defendant regarding the subject matter of this lawsuit, including but

not limited to requests for FMLA leave in 2007 through the present, use of sick leave in

2007 through the present.

**RESPONSE: Plaintiff objects to this request on the grounds that the requested documents are already available to, and in the possession of, the Defendants.  The Plaintiff refers the Defendants to her answers to Interrogatories No.  1, 4, and 5 and further attaches here the following:**

| | |
|---|---|
| **a.** | **Correspondence pertaining to leave issues** |
| **b.** | **FMLA Leave matters 2008 and other issues** |
| **c.** | **Dr. Rose Mezu sick leave 2008** |
| **d.** | **Dr. Rose Mezu in Coma at St Joseph's Hospital** |
| **e.** | **Dr. Rose Mezu in Coma at St Joseph's Hospital2** |
| **f.** | **Dr. Rose Mezu Absence for mum's funeral assorted correspondence** |

9.    Copies of any journal, diary, calendar, log, email, or other documentation in which you

have recorded events described in the complaint 2007 through the present.

**RESPONSE: Plaintiff objects to this request on the grounds that the requested documents are already available to, and in the possession of, the Defendants. Plaintiff further objects to this request on the grounds that it seeks documents beyond the scope of permissible discovery (*e.g.*, documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence). Plaintiff further objects to this request on the grounds that it violates her right to privacy. Without waiving these objections, the Plaintiff refers the Defendants to her answers to Interrogatories No.  1, 4, and 5 and further produces the following documents:**

| | |
|---|---|
| **a.** | **MSU Assorted letters and memos on leave issues 2007 and 2008** |
| **b.** | **April 2009 excuse duty and MSU reaction** |
| **c.** | **March 2008 excuse duty** |

10.     Copies of all notes, memoranda, letters, emails, or other documents maintained by you as

related to plaintiff's claims that defendants violated Title VII and the FMLA 2007

through the present.

**RESPONSE: Plaintiff objects to this request on the grounds that the requested documents are already available to, and in the possession of, the Defendants. Without waiving this objection, the Plaintiff refers the Defendants to her answers to Interrogatories No. 1, 4, and 5. See also the following documents**

**a.      Hubbard reaction to sick leave notification fall 2009**
**b.      Grant denies Rose Mezu's FMLA application November 2008**

11.     All documents referring or relating to statements obtained from persons having personal

knowledge concerning events described in the Complaint.

**RESPONSE: Plaintiff objects to this request on the grounds that her preparation for trial has not been completed. Without waiving this objection, the Plaintiff refers the Defendants to her answers to Interrogatories No. 1, 4, and 5. The following documents are also attached**

**a. Cattie Ambrose missing grade for Fall 2008 and other letters**

**b. Hubbard on missing grade**

12.     All correspondence or record of communication between you and any other person, other

than your attorney, which refers or relates to the subject matter of this litigation.

**RESPONSE: Plaintiff objects to this request on the grounds that her preparation for trial has not been completed. Without waiving this objection, the Plaintiff refers the Defendants to her answers to Interrogatories No. 1, 4, and 5 and produces the following documents.**

**a. Armada Grant denies leave application from Nov 25, 2008 to December 7, 2008**
**b. Submission of final grades – selectively singled out for warning and threat**
**c. Endless queries by MSU on Time Sheets documents signed by Plaintiff**

    d.  **December 8, 2008 application for bereavement leave forced upon Plaintiff**
    e.  **Electronic correspondence from Nigeria.**

13.    All documents that support your allegation that you were retaliated against in violation of

Title VII and that your FMLA rights were violated.

    **RESPONSE: Plaintiff objects to this request on the grounds that her preparation for trial has not been completed. Without waiving this objection, the Plaintiff refers the Defendants to her answers to Interrogatories No. 1, 4, and 5 in addition to the following:**

    a.    **Dr. Rose Mezu Response to Human Resources Request for clarification of the use of her time during Christmas and other vacations.**
    b.    **Threat Letters from Dr. Hubbard to sack Plaintiff Dr. Rose Mezu**

14.    All documents sent to any expert whom you plan to call at the trial of this action.

    **RESPONSE: Plaintiff objects to this request on the grounds that her preparation for trial has not been completed. Without waiving this objection, the Plaintiff will provide any such documents when they become available.**

15.    All documents referring or relating to any reports, drafts of any reports or correspondence

from any expert you have consulted concerning the events alleged in the Complaint.

    **RESPONSE: Plaintiff objects to this request on the grounds that her preparation for trial has not been completed. Without waiving this objection, the Plaintiff will provide any such documents when they become available.**

16.    All documents not previously produced that relate in any way to the facts or allegations

set forth in plaintiff's Complaint that relate to the two remaining counts.

    **RESPONSE: Plaintiff objects to this request on the grounds that her preparation for trial has not been completed. Plaintiff further objects on the**

9

**grounds that it calls for a legal conclusion, plaintiff has three remaining counts not two. Plaintiff reserves the right to supplement and amend this response as her investigation is completed and documents are produced. Without waiving these objections, the Plaintiff will provide any such documents when they become available and produces the following:**

      a.      **Intellectual Property Rights by Rose Mezu**
      b.      **Mezu Return to Work correspondence sent to MSU**

Rose Ure Mezu, Ph.D.

_____

Plaintiff

Respectfully submitted,

/S/ C. Valerie Ibe Esq.
C. Valerie Ibe, Esq.
Law Offices of C. Valerie Ibe,
A Professional Law Corporation
23614 Nadir Street
West Hills, California 91304
Email:Kancvi@aol.com,
Bar ID: 94234
Tel. 818-346-8777
Counsel for Rose Ure Mezu, Ph.D.

/S/ John M. Singleton, Esq.
Singleton Law Group
400 Redland Court, Suite 107
Telephone: 410-902-0073
Fax: 410-902-7372
Email:jmsingleton@sgt-law.com
Bar ID: 02275
Counsel for Plaintiff, Rose Ure Mezu

10

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of August, 2010, the Plaintiff's answer to defendant's first set of document requests was e-mailed to Sally L. Swann, Assistant Attorney General, Esquire, sswann@oag.state.md.us, attorney for defendants.

/S/ C. Valerie Ibe Esq.
C. Valerie Ibe, Esq.
Law Offices of C. Valerie Ibe,
A Professional Law Corporation
23614 Nadir Street
West Hills, California 91304
Email:Kancvi@aol.com,
Bar ID: 94234
Tel. 818-346-8777
Counsel for Rose Ure Mezu, Ph.D.


/S/ John M. Singleton, Esq.
Singleton Law Group
400 Redland Court, Suite 107
Telephone: 410-902-0073
Fax: 410-902-7372
Email:jmsingleton@sgt-law.com
Bar ID: 02275
Counsel for Plaintiff, Rose Ure Mezu

11