IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROSE URE MEZU,                          *

      Plaintiff,                       *

        v.                            *        Civil Action No. WMN09CV2855

MORGAN STATE UNIVERSITY,                *

      Defendant.                       *

*     *     *     *     *     *     *     *     *     *     *     *     *

DEFENDANT'S RESPONSE IN OPPOSITION
TO PLAINTIFF'S MOTION TO QUASH SUBPOENA

Defendant Morgan State University[1] ("University"), by its attorneys, Douglas F. Gansler,

Attorney General of Maryland, and Sally L. Swann, Assistant Attorney General, submits this

response in opposition to plaintiff's motion to quash subpoena because the motion is moot and

was filed in bad faith, and states the following:

1.    Defendant caused a subpoena to be issued to plaintiff to appear for deposition on August

      25, 2010 at the Office of the Attorney General and to bring documents objected to in her

      response to defendant's request for production of documents.

2.    Plaintiff's counsel e-mailed the undersigned counsel on Saturday, August 21, 2019 to

      state that she would file a motion to quash unless defendant's counsel confirmed that

---

[1]Defendants Armada Grant and Dolan Hubbard were dismissed from the case by Order of
the Court dated March 18, 2010.

plaintiff was not required to bring the subpoenaed documents. She gave defendant's counsel a deadline of 12 noon on August 23, 2010 in which to respond or she would file a motion to quash the subpoena.

3.   Undersigned counsel met the deadline with an e-mail dated Monday, August 23 at 11:48 a.m. It stated the following:

> **You are entitled to raise whatever objections you have to producing the documents in the subpoena at the deposition.  The objections will be on the record, and I will reserve the right to reopen the deposition if the court rules that the documents objected to should be produced. This will go through the regular discovery process.  If you have any questions, let me know.**

4.   Despite defendant's response, plaintiff went ahead anyway and filed a motion to quash the subpoena.

5.   The deposition of plaintiff was held on August 25, 2010. The plaintiff did not bring the documents, and defendant has already provided plaintiff with a letter setting forth the deficiencies in plaintiff's responses to interrogatories and document production request. The discovery dispute will likely have to be resolved by this court.

6.   Plaintiff is not entitled to have the motion to quash granted. The motion is now moot because the deposition has occurred. Moreover, the motion should never have been filed in the first place. If plaintiff's counsel did not understand defendant's e-mail of August 23, 2010, a phone call would have been an easy way to resolve the issue.

For these reasons, the plaintiff's motion to quash the subpoena should be denied.

Respectfully submitted,

DOUGLAS F. GANSLER
Attorney General of Maryland


_____/s/_____
SALLY L. SWANN
Assistant Attorney General
Federal Bar No.: 06731

Educational Affairs Division
200 St. Paul Place, 17th Floor
Baltimore, MD 21202-2021
Telephone: (410) 576-7053

3