**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **ROSE URE MEZU,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civil Action No. WMN09CV2855** |
| **MORGAN STATE UNIVERSITY,** | * | |
| **Defendant.** | * | |

*       *       *       *       *       *       *       *       *       *       *       *       *       *

**MEMORANDUM IN SUPPORT OF MOTION TO REVOKE**
**THE *PRO HAC VICE* ADMISSION OF PLAINTIFF'S COUNSEL**

Defendant Morgan State University ("University"), by its counsel Douglas F. Gansler, Attorney General of Maryland, and Sally L. Swann, Assistant Attorney General, files this memorandum in support of its Motion to Revoke the Admission *Pro Hac Vice* of Plaintiff's counsel and states the following:

1.      John M. Singleton, Esquire, moved for admission of Chinyere Valerie Ibe, Esquire, a member of the bar of California, who maintains her principal office in California, to appear *pro hac vice* as counsel for Plaintiff Rose Ure Mezu.  The motion was filed on January 27, 2010.  The motion was granted on January 28, 2010.

2.      The motion for admission *pro hac vice* states at paragraph 5 that the proposed admittee is familiar with the Code of Professional Responsibility, the Federal Rules of Civil Procedure, and the Local Rules of this Court, and understands she shall be subject to the disciplinary jurisdiction of this Court.

3.      The District Court has the discretion to revoke the *pro hac vice* admission of an attorney when it is necessary for the proper running of the Court.  In *Belue v. Aegon USA, Inc.*, 2010 WL 680340

(D.S.C.), the district court noted it "cannot afford to abrogate its authority to out-of-state attorneys who reside more than seven hundred miles from the courthouse. Attorney's cannot be allowed to fly in, commit violation of the district court's rules, and fly back to their home offices with complete impunity." See also *In re Federal Sav. and Loan Ins. Corp.*, 852 F. 2d 565 n.4 (4th Cir. 1988).

4.      There was no one factor in the court's order of revocation in *Belue v. Aegon USA, Inc.* It was based on "the combined effect of the attorneys' improper conduct and disregard for the Local Rules.

5.      In this case, plaintiff's counsel (hereafter Ms. Ibe) has demonstrated improper conduct throughout this litigation.

6.      Ms. Ibe has blatantly disregarded the Local Rules of this Court.

A)      Ms. Ibe failed to comply with Local Rule 105.2(c) when she filed a motion for partial summary judgment without conferring with defendant's counsel about the scheduling and which party would file first. Her justification for filing without conferring with defendant's counsel, even though she knew defendant planned to file a motion for summary judgment, was that she "was ready" and that the motion for partial summary judgment did not come within the purview of Rule 105.2(c). In addition, Ms. Ibe filed the motion for partial summary judgment well before the close of discovery, and thus has prejudiced Defendant in its ability to respond to the motion. For these reasons, defendant has moved to strike plaintiff's motion for partial summary judgment.

B)      Ms. Ibe improperly filed a motion to compel discovery without adhering to the requirements of Local Rule 104.8(a). She did not serve the motion on defendant; she did not allow defendant to respond, and she did not attempt to resolve the dispute as required. Defendant

filed a motion to strike, which was granted.  The purpose of the Local Rule was entirely undercut by Ms. Ibe's actions.

C)      Ms. Ibe may have also violated Discovery Guideline 5(f) during the deposition of the plaintiff.  Guideline 5(f) prohibits communication on the substance of the deponent's testimony during breaks in the taking of a deposition:

> " no one should discuss with the deponent the substance of the prior testimony given by the deponent during the deposition.  Counsel for the deponent may discuss with the deponent at such time whether a privilege should be asserted or otherwise engage in discussion not regarding the substance of the witness's prior testimony."

After a break, Ms. Ibe informed defendant's counsel that plaintiff wished to correct her deposition testimony.  Defendant's counsel objected to correction of the record in this manner.

7.      Ms. Ibe has repeatedly violated the Federal Rules of Civil Procedure.

A)      At Plaintiff's deposition, her counsel violated the Federal Rules of Civil Procedure and Discovery Guidelines in an effort to stop Defendant from discovering information relevant to the defense of plaintiff's claims.  Because of this egregious conduct, Defendant has filed a motion for the sanction of dismissal or in the alternative, for the court to order a second deposition, paid for by plaintiff.  The grounds for the motion for sanctions are explained more fully in the motion, but in summary, Ms. Ibe continuously violated Fed. R. Civ. P. 30 (c)(2) and Discovery Guideline 5, (objections to be stated concisely, in a nonargumentative and nonsuggestive manner, and counsel may not instruct a deponent not to answer if not asserting a privilege).  She made an extraordinary amount of baseless objections (about 70), made them in an argumentative manner, and directed plaintiff not to answer about 14 times without ever

asserting the grounds of privilege as a basis for the instruction not to answer.

B)      Ms. Ibe has violated Fed. R. Civ. P. 26(a)(2)(C) by refusing to disclose the subject matter on which the two named expert witnesses are expected to testify and a summary of the facts and opinion to which they are expected to testify.  Although defendant has notified Ms. Ibe of her duty to disclose under Rule 26, she insists that the rule does not apply, and has refused to make the required disclosures.  This violation is one of the grounds for defendant's motion for sanctions.

C)      Under Fed. R. Civ. P. 26(b)4)(A), defendant is entitled to depose the expert witnesses.  Yet Ms. Ibe refuses to provide a consent for each of the expert witnesses to testify about the medical records at deposition, and therefore, has effectively barred defendant from deposing the experts, as is its right under Rule 26.  Each of the physicians has indicated that without a consent they will not be able to answer any questions.  This violation is also one of the grounds for defendant's motion for sanctions.

8.      Ms. Ibe has used the fact that she lives and maintains her legal office in California as a means to delay depositions and to argue that the defendant did not timely produce documents in response to discovery requests.

A)      For example, the parties had made arrangements for the depositions of plaintiff and two administrators at Morgan.  Because Ms. Ibe was adamant about the dates the Morgan administrators would have to be available for depositions, the individuals had to change their schedules to accommodate Ms. Ibe's scheduling preferences.  Ms. Ibe then informed defendant's counsel that she had three court appearances in California and would be unable to attend the

4

previously scheduled deposition of plaintiff.  The depositions of the Morgan administrators were never held.

B)    Ms. Ibe also used her status as a California attorney to argue in court pleadings that Defendant did not timely produce documents in response to plaintiff's discovery request. The responses were due on June 29, 2010.  Defendant e-mailed the responses on June 29, with the information that the documents were available for inspection and copying.  However, because Ms. Ibe was in California on June 29 and the documents were here in Maryland, she said the documents were late because she was not here to inspect and copy the documents.  Ms. Ibe continues to misrepresent these facts in pleadings.  Ms. Ibe's position is that the documents should have been available for inspection and copying on June 23 (6 days before the due date) because she was in Maryland on that date for mediation of this case.  Later, even after the documents had been copied and express mailed to her address in California, Ms. Ibe claimed she had not received the documents.  As it turns out, ironically, Ms. Ibe was in Maryland, she had not told defendant's counsel to mail the documents to an address in Maryland, and they were sent to her California address.

In summary, Ms. Ibe's conduct throughout the litigation has been uncooperative and disruptive. She has violated the Federal Rules of Civil Procedure, the Local Rules, and the Discovery Guidelines. Given this combination of tactics which has been prejudicial to the defense of the claims in the Complaint, Defendant submits Ms. Ibe's *pro hac vice* admission should be revoked.

Respectfully submitted,

DOUGLAS F. GANSLER
Attorney General of Maryland


                  /s/
SALLY L. SWANN
Assistant Attorney General
Federal Bar No.: 06731

Educational Affairs Division
200 St. Paul Place, 17th Floor
Baltimore, MD 21202-2021
Telephone: (410) 576-7053
sswann@oag.state.md.us