IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

```
ROSE URE MEZU                   *
                                *
                                *
v.                              *   Civil Action No. WMN-09-2855
                                *   Civil Action No. WMN-11-3072
                                *
MORGAN STATE UNIVERSITY         *
     et al.                     *
                                *
   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *
```

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff's Motion for Judgment as a Matter of Law or in the Alternative, for a New Trial.  ECF No. 283.  This 35-page motion raises a plethora of challenges including claims that: no reasonable jury could have found for Morgan State University (MSU) on any of her claims; the Court's jury instructions were erroneous; the questions on the special verdict sheet should have been numbered differently; the Court allowed MSU's counsel to "run the courtroom"; the Court improperly refused to let Plaintiff present a promotional You-Tube video produced by Johns Hopkins Hospital concerning Plaintiff's daughter's surgery and care; the Court unduly influenced the jury with leading remarks directed at adverse witnesses; and, there was "juror misconduct."  Plaintiff asks the Court to enter judgment in her favor as to all claims pursuant to Rule 50 of the Federal Rules of Civil Procedure, or,

if the Court is not inclined to enter judgment in her favor, to order a new trial under Rule 59.

MSU opposed the motion, addressing each of the issues raised in Plaintiff's motion. As significantly, however, MSU noted in its opposition that Plaintiff had failed to make any pre-verdict motion for judgment under Rule 50(a) and, thus, failed to preserve for review those issues Plaintiff now raises under Rule 50(b). Despite this significant challenge to the merits of her motion, Plaintiff filed no reply and the time for doing so has passed.

Under the plain language of the rule, a post-trial motion under Rule 50(b) is a renewal of a motion under Rule 50(a) made "before the case is submitted to the jury." Fed. R. Civ. P. 50(a). Thus, the Supreme Court has held that "[a] motion under Rule 50(b) is not allowed unless the movant sought relief on similar grounds under Rule 50(a) before the case was submitted to the jury." Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008). Similarly, the Fourth Circuit has observed that a proper Rule 50(a) motion is "not a mere technicality" but a prerequisite for a Rule 50(b) motion. Miller v. Premier Corp., 608 F.2d 973, 979 n.3 (4th Cir. 1979). The Fourth Circuit has recognized some exceptions regarding Rule 50(b): (1) where a party makes a Rule 50(a) motion earlier in the trial, but fails

to renew it at the close of all the evidence; or, (2) where a party attempts to raise issues in a Rule 50(b) motion that were beyond the scope of the party's Rule 50(a) motion.  See Singer v. Dungan, 45 F.3d 823, 829 (4th Cir. 1995).  Here, however, Plaintiff's counsel made no Rule 50(a) motion at all. Furthermore, Plaintiff filed no reply to MSU's opposition and thus fails to identify any exception that she believes might apply.  Accordingly, Plaintiff's motion under Rule 50 must be denied.

   "[A] Rule 59(a) motion for new trial is a matter "resting in the sound discretion of the trial judge."  Eberhardt v. Integrated Design & Constr., Inc., 167 F.3d 861, 869 (4th Cir. 1999).  A new trial should be granted "only if (1) the verdict is against the clear weight of the evidence, (2) is based on evidence which is false, or (3) will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 650 (4th Cir. 2002) (citations omitted).

   To the extent that Plaintiff's Rule 59 motion is premised on a claim that the jury's verdict was against the clear weight of the evidence, the Court's review of that motion is also impacted by Plaintiff's failure to move for judgment before the

case went to the jury. As the Fourth Circuit has noted, "implicit in [a] party's failure to move for judgment as a matter of law is the belief that the evidence created a jury issue." Bristol Steel & Iron Works v. Bethlehem Steel Corp., 41 F.3d 182, 187 (4th Cir. 1994). Here, the Court concludes that there was more than sufficient evidence to support the jury's verdict as to each of Plaintiff's claims. MSU's witnesses were credible and presented a consistent narrative of longstanding and persistent attendance problems on the part of Plaintiff, which warranted their efforts to confirm the legitimacy of Plaintiff's leave requests.[1] Plaintiff's overreaching in terms of leave is perhaps best demonstrated by the fact that Plaintiff did not return to work until the same week as her daughter returned to her position as a hospital physician. The jury could reasonably question if a daughter who is ready to return to work needed her mother to assist with activities of daily living. Similarly, there was more than sufficient evidence from which the jury could conclude that Plaintiff's placement on non-pay status was the result of an error and not retaliation.

---

[1] In contrast, the testimony of Plaintiff's primary witnesses – that of Plaintiff and Plaintiff's daughter, Olachi – appeared rehearsed, overly dramatic, and excessively self-serving. In light of that, it would not be surprising if the jury questioned the credibility of that testimony.

4

Before discussing Plaintiff's concerns about the manner in which the Court presided over the trial and instructed the jury, the Court must, unfortunately, first place those concerns within the context of the manner in which Plaintiff's counsel performed as a trial attorney. As a review of the transcript of these proceedings would quickly reveal, Plaintiff's counsel exhibited little understanding of the basics of trial procedure. When MSU's counsel would properly object to the admission of a piece of evidence through a particular witness, Plaintiff's counsel's constant response was simply that the evidence was relevant, not comprehending or acknowledging that opposing counsel's objection was one of admissibility through that witness, not one of relevance. When MSU's counsel would attempt to cross-examine a witness, Plaintiff's counsel would object to almost every question, with no apparent basis for the objection.

The Court notes that, in contrast, Plaintiff's counsel did an admirable job in the pre-trial phases of these proceedings. From her written submissions, it is clear that she has a firm grasp on the statutes, regulations, and case law related to the Family and Medical Leave Act and she did a competent and vigorous job in representing her client up until trial. By her own admission, however, she had never participated in a jury trial and, inexplicably, failed to recognize the need to either

retain co-counsel or seek some other form of assistance to guide her through this somewhat complex trial.

Turning to Plaintiff's specific complaints regarding the conduct of the trial, the Court notes that many of those complaints arise from counsel's inexperience with jury trials. For example, the Johns Hopkins Hospital promotional YouTube video that Plaintiff sought to introduce was inadmissible on several grounds, prejudicial, and highly redundant in light of the fact that the testimony of Plaintiff, Plaintiff's daughter, and the neurosurgeon highlighted in the video would all be presented in the trial.  Plaintiff's impression that the Court permitted MSU's counsel to "run the courtroom" stems perhaps, in part, from the fact that the Court overruled many of her groundless objections.  The Court, after exercising considerable patience, also imposed some limits on some of the Plaintiff's counsel's examinations of witnesses in response to the repetitive, cumulative, and unfocused nature of those examinations.  What Plaintiff's counsel opines was the Court's "leading of adverse witnesses," was the Court simply instructing witnesses that they must answer the question posed, "if they can recall" or "if they understand the question."  Finally, the numbering and format of the special verdict form about which Plaintiff complains was done in a manner consistent with a

typical verdict form and the jury exhibited no difficulty in following that format.

As to the instructions given by the Court to the jury, a trial judge has broad discretion in framing jury instructions. Teague v. Bakker, 35 F.3d 978, 985 (4th Cir. 1994). If the instructions correctly state the law and adequately cover the issues in the case, they are proper. Lohrmann v. Pittsburgh Corning Corp., 782 F.2d 1156, 1164 (4th Cir. 1986). Jury instructions are sufficient if, "construed as a whole, and in light of the whole record," they "adequately inform[ ] the jury of the controlling legal principles without misleading or confusing the jury to the prejudice of the objecting party." Spell v. McDaniel, 824 F.2d 1380, 1395 (4th Cir. 1987).

The Court notes that it largely adopted the proposed instructions submitted by Plaintiff over those submitted by MSU, at least as to her initial proposed set of instructions. See ECF No. 237 (Pl.'s first set of proposed instructions). Plaintiff's later proposed instructions (ECF Nos. 263, 265 and 269), however, increasingly demonstrated Plaintiff's counsel's lack of understanding as to the purpose of jury instructions, as she sought to inject into the instructions content appropriate for argument, but not for jury instructions. For example, Plaintiff requested that the Court include in the jury

Case 1:09-cv-02855-WMN   Document 285   Filed 08/21/14   Page 8 of 10

instructions the following as examples of "materially adverse" conduct: "[t]hreatening to discipline Dr. Mezu for being at her mother's funeral *during the semester break* (when she was on sick –bereavement leave, not FMLA leave)" and "[c]ontinuing to harass and threaten her with discipline and complaints about her integrity concerning attendance at the funeral throughout the semester following her return from that funeral."  ECF No. 260 at 6 (emphasis in original).[2]

In addition to being highly prejudicial, the Court believes that Plaintiff's proposed instructions would confuse more than enlighten the jury.  The instructions, as given, adequately informed the jury of the controlling legal principles and Plaintiff's counsel was free to make her arguments to the jury as to how that law applied to the evidence presented at trial.

Finally, Plaintiff raises what she deems was "juror misconduct," but what is more in the nature of a challenge to the method by which the Court conducted voir dire.  This assertion of error relates to a question posed to the panel regarding personal involvement in either bringing or defending a lawsuit.  One panel member responded that he was named as a defendant in a lawsuit regarding the dissolution of a firm of

---

[2] Plaintiff's counsel also repeatedly urged the Court to include instructions on punitive damages and front pay, despite the fact that punitive damages were not available against MSU, a state agency, and front pay is an issue for the Court, not the jury.

8

which he was a member. In response to the Court's follow-up question as to whether that involvement would interfere with his ability to fairly and impartially judge the evidence in this case, the panel member responded, "I would like to say no, but it's been a really bitter ongoing thing for two years now. And it's just an abuse of the legal system on his side. And it's making things hard in life. So I would have to say yes." ECF No. 283-7. While this juror was not seated on the jury, Plaintiff asserts that the Court should not have allowed this exchange in open court and that "[t]his information amounts to juror misconduct and certainly a new trial in the very least." ECF No. 283-1 at 29. The Court finds that this isolated opinion by a member of the voir dire panel about his involvement in litigation related to a business dispute would in no way taint the decision of those selected to serve on the jury in this employment action rendered two weeks later.

The Court finds Plaintiff's motion to be wholly without merit. Accordingly, IT IS this 21st day of August, 2014, by the United States District Court for the District of Maryland, ORDERED:

1) That Plaintiff's Motion for Judgment as a Matter of Law or in the Alternative, for a New Trial, ECF No. 283, is DENIED;

2) That the Clerk of the Court shall transmit a copy of this Memorandum and Order to all counsel of record.

```
                  _____/s/_____
                  William M. Nickerson
                  Senior United States District Judge
```